**MᴄGᴜɪʀᴇWᴏᴏᴅs LLP**
Michael D. Mandel, Esq. (SBN 216934)
   Email: mmandel@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA 90067-1501
Telephone: 310.315.8200
Facsimile: 310.315.8210

Sylvia J. Kim, Esq. (SBN 258363)
   Email skim@mcguirewoods.com
Two Embarcadero Center, Suite 1300
San Francisco, CA 94111
Telephone: 415.844.9944
Facsimile: 415.844.9922

Attorneys for Defendant
BANK OF AMERICA, N.A.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIANNA SUAREZ, individually and on behalf of all others similarly situated, | CASE NO. 3:18-cv-01202-MEJ |
| Plaintiff, | **DEFENDANT BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6), 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| BANK OF AMERICA, N.A. and DOES 1 through 100, inclusive, | |
| Defendants. | |
| | **Date:**    **April 26, 2018**<br>**Time:**    **10:00 a.m.**<br>**Crtrm.:**   **B – 15ᵗʰ Floor**<br>**Judge:**   **Hon. Marie-Elena James** |

100273316.1

1

DEFENDANT BANK OF AMERICA N.A.'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... iii

NOTICE OF MOTION AND MOTION ................................................................................... ix

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 1

I.      INTRODUCTION ............................................................................................................ 1

II.     STATEMENT OF FACTS ............................................................................................... 1

III.    LEGAL ARGUMENT ..................................................................................................... 3

      A.     APPLICABLE LEGAL STANDARDS ................................................................. 3

            1.    Fed R. Civ. P. 12(b)(6) & 12(f) ............................................................ 3

            2.    The *Twombly* And *Iqbal* Pleading Standards ................................... 3

            3.    Putative Wage And Hour Class Action Claims And Allegations Are Subject To Dismissal Or Striking For Failure To Satisfy The *Twombly* And *Iqbal* Pleading Standards ........................................ 4

      B.     PLAINTIFF'S FIRST AND SECOND CLAIMS FOR FAILURE TO PAY FOR "OFF-THE-CLOCK" WORK AND MINIMUM WAGE VIOLATIONS FAIL TO STATE CLAIMS FOR INDIVIDUAL OR PUTATIVE CLASS RELIEF ............................................. 5

            1.    Plaintiff Fails to State a Claim for Individual Relief ...................... 5

            2.    Plaintiff Fails to State a Claim for Class-Wide Relief .................... 6

      C.     PLAINTIFF'S THIRD CLAIM FOR FAILURE TO PROVIDE MEAL AND REST BREAKS FAILS TO STATE A CLAIM FOR INDIVIDUAL OR PUTATIVE CLASS RELIEF ........................................................ 7

            1.    Plaintiff Fails to State a Claim for Individual Relief ...................... 7

            2.    Plaintiff Fails to State a Claim for Class-Wide Relief .................... 9

      D.     PLAINTIFF'S FOURTH CLAIM FOR FAILURE TO PROVIDE ADEQUATE TIME OFF FAILS TO STATE A CLAIM FOR INDIVIDUAL OR PUTATIVE CLASS RELIEF ............. 10

      E.     PLAINTIFF'S FIFTH CLAIM FOR FAILURE TO PAY VESTED VACATION WAGES FAILS TO STATE A CLAIM FOR INDIVIDUAL OR PUTATIVE CLASS RELIEF ............. 11

      F.     PLAINTIFF'S SIXTH CLAIM FOR FAILURE TO TIMELY PAY FINAL WAGES FAILS TO STATE A CLAIM FOR INDIVIDUAL OR PUTATIVE CLASS RELIEF ............. 12

      G.     PLAINTIFF'S SEVENTH CLAIM FOR FAILURE TO MAINTAIN ACCURATE RECORDS FAILS TO STATE A CLAIM ........................................................ 13

**DEFENDANT BANK OF AMERICA N.A.'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)**

H.    PLAINTIFF'S EIGHTH CLAIM FOR FAILURE TO PROVIDE ACCURATELY ITEMIZED WAGE STATEMENTS FAILS TO STATE A CLAIM FOR INDIVIDUAL OR PUTATIVE CLASS RELIEF ...................................................... 14

I.    PLAINTIFF'S NINTH CLAIM FOR RETALIATION IN VIOLATION OF PUBLIC POLICY FAILS AS A MATTER OF LAW ........................................................ 15

J.    PLAINTIFF'S TENTH AND ELEVENTH CLAIMS FOR WRONGFUL TERMINATION AND FOR DISCRIMINATION AND HARASSMENT FAIL AS A MATTER OF LAW ........ 16

      1.    Plaintiff Fails To State a Claim For Discrimination or Wrongful Termination ................................................................................ 16

      2.    Plaintiff's Harassment Claim Fails As A Matter Of Law ......................... 17

K.    PLAINTIFF'S TWELFTH CLAIM FOR FAILURE TO PREVENT AND INVESTIGATE IN VIOLATION OF THE FEHA FAILS AS A MATTER OF LAW ................................ 19

L.    PLAINTIFF'S THIRTEENTH AND FOURTEENTH CLAIMS RELATED TO THE ALLEGED FAILURE TO ACCOMMODATE AND FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS FAIL AS A MATTER OF LAW ............................................. 19

M.    PLAINTIFF'S FIFTEENTH CLAIM FOR VIOLATION OF CFRA AND FMLA FAILS AS A MATTER OF LAW .................................................................... 20

N.    PLAINTIFF'S SIXTEENTH, SEVENTEENTH AND EIGHTEENTH CLAIMS FOR INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND NEGLIGENCE FAIL AS A MATTER OF LAW ...................................................... 21

      1.    The Workers' Compensation Act Preempts These Claims ....................... 21

      2.    Plaintiff Has Failed To Plead Facts To State Claims For Relief ............... 21

O.    PLAINTIFF'S NINETEENTH CLAIM FOR INJUNCTIVE RELIEF FAILS AS A MATTER OF LAW BECAUSE SHE LACKS STANDING TO PURSUE SUCH RELIEF ....... 23

P.    PLAINTIFF'S TWENTIETH CLAIM UNDER THE UCL FAILS AS A MATTER OF LAW ................................................................................................ 23

Q.    PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES IN CONNECTION WITH HER CLAIMS FOR MEAL AND REST BREAK VIOLATIONS SHOULD BE DISMISSED OR STRICKEN ........................................................................................ 24

IV.    CONCLUSION ................................................................................. 25

REQUEST FOR JUDICIAL NOTICE ...................................................... 26

**DEFENDANT BANK OF AMERICA N.A.'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S COMPLAINT**

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Andresen v. Int'l Paper Co.*,
    2013 WL 2285338 (C.D. Cal. May 23, 2013)..........................................................................12

*Ashcroft v. Iqbal*,
    129 S.Ct. 1937 (2009) .................................................................................................3, 4, 5

*Balistreri v. Pacifica Police Dept.*,
    901 F.2d 696 (9th Cir. 1990)..........................................................................................3

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ...........................................................................................3, 4, 5, 9

*Briosos v. Wells Fargo Bank*,
    737 F.Supp.2d 1018 (N.D. Cal. 2010) ..........................................................................24

*Brown v. Wal-Mart Stores, Inc.*,
    2013 WL 1701581 (N.D. Cal. Apr. 18, 2013) ........................................................12, 14

*Buscemi v. McDonnell Douglas Corp.*,
    736 F.2d 1348 (9th Cir. 1984)......................................................................................22

*Campbell v. PriceWaterhouseCoopers*,
    2008 WL 3836972 (E.D. Cal. Aug. 14, 2008) ..............................................................24

*Dawson v. HITCO Carbon Composites, Inc.*,
    2017 WL 7806618 (C.D. Cal. Jan. 20, 2017) ...............................................................14

*Dawson v. Hitco Carbon Composites, Inc.*,
    U.S. Dist. Ct., C.D. Cal. Case No. 2:16-cv-07337-PSG-FFM (May 5, 2017) .........................10

*De La Torre v. American Red Cross*,
    2013 WL 5573101 (C.D. Cal. Oct. 9, 2013) ...........................................................14, 15

*Deleon v. Time Warner Cable LLC*,
    2009 WL 9426145 (C.D. Cal. July 17, 2009) ................................................................8

*Ellis v. Costco Wholesale Corp.*,
    657 F.3d 970 (9th Cir. 2011)........................................................................................23

*Fantasy, Inc. v. Fogerty*,
    984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) ..........................3

*Farm Credit Svcs. v. Am. State Bank*,
    339 F.3d 764 (8th Cir. 2003)..........................................................................................3

**DEFENDANT BANK OF AMERICA N.A.'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S COMPLAINT**

*Fragada v. United Airlines, Inc.*,
    2017 WL 4586933 (C.D. Cal. June 13, 2017)..............................................19, 22

*Galarpe v. United Airlines, Inc.*,
    2018 WL 348161 (N.D. Cal., Jan. 10, 2018) ..............................................16

*Gatdula v. CRST Van Expedited, Inc.*,
    2011 WL 3652491 (C.D. Cal. June 3, 2011)..............................................12

*Gilbert v. Eli Lilly & Co., Inc.*,
    56 F.R.D. 116 (D.P.R. 1972)..............................................3

*Gonzalez v. Fallanghina, LLC*,
    2016 WL 3951655 (N.D. Cal. July 22, 2016) ..............................................7

*Guerrero v. Halliburton Energy Servs., Inc.*,
    2016 WL 6494296 (E.D. Cal. Nov. 2, 2016) ..............................................8, 14

*Haley v. Cohen & Steers Capital Mgmt., Inc.*,
    871 F.Supp.2d 944 (N.D. Cal. 2012) ..............................................17

*Haralson v. United Airlines, Inc.*,
    224 F.Supp.3d 928 (N.D. Cal. 2016) ..............................................6, 9

*Landers v. Quality Communications, Inc.*,
    771 F.3d 638 (9th Cir. 2014)..............................................5, 9

*Lopez v. Wendy's Int'l, Inc.*,
    2011 WL 6967932 (C.D. Cal. Sept. 19, 2011)..............................................7, 8

*McMillian v. Overton Security Services, Inc.*,
    2017 WL 4150906 (N.D. Cal., Sept. 19, 2017)..............................................6

*Rafieh v. Safeway Inc.*,
    2017 WL 1479237 (N.D. Cal. Apr. 25, 2017) ..............................................21

*Ramirez v. Manpower, Inc.*,
    2014 WL 116531 (N.D. Cal. Jan. 13, 2014) ..............................................14

*Rubin v. Wal-Mart Stores, Inc.*,
    599 F.Supp.2d 1176 (N.D. Cal. 2009) ..............................................24

*Sanchez v. Ritz Carlton*,
    2015 WL 5009659 (C.D. Cal. Aug. 17, 2015) ..............................................9

*Moss v. U.S. Secret Svc.*,
    572 F.3d. 962 (9th Cir. 2009)..............................................6

*Oliver v. Microsoft Corp.*,
    966 F.Supp.2d 889 (N.D. Cal. Aug. 5, 2013) ..............................................19

**DEFENDANT BANK OF AMERICA N.A.'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S COMPLAINT**

*Ortiz v. Sodexho Operations, LLC*,
    2010 WL 11552888 (C.D. Cal. Aug. 12, 2010) ...................................................4, 7, 9

*Ovieda v. Sodexo Operations, LLC*,
    2012 WL 1627237 (C.D. Cal. May 7, 2016)...........................................................9

*Parson v. Golden State FC, LLC*,
    2016 WL 1734010 (N.D. Cal. May 2, 2016) ........................................................24

*Richards v. Ernst & Young LLP*,
    2010 WL 682314 (N.D. Cal. Feb. 24, 2010)........................................................23

*Rubadeau v. M.A. Mortenson Co.*,
    2013 WL 3356883 (E.D. Cal. July 3, 2013) .........................................................18

*Sidney-Vinstein v. A.H. Robins Co.*,
    697 F.2d 880 (9th Cir. 1983)....................................................................................3

*Silva v. U.S. Bancorp*,
    2011 WL 7096576 (C.D. Cal. Oct. 6, 2011) ....................................................12, 14

*Sneddon v. ABF Freight Syss.*,
    489 F.Supp.2d 1124 (S.D. Cal. 2007) ..................................................................16

*Soratorio v. Tesoro Refining and Marketing Co., LLC*,
    2017 WL 1520416 (C.D. Cal. April 26, 2017) .....................................................14

*Spragin v. McDonald's USA, LLC*,
    2011 WL 13217960 (C.D. Cal. Jan. 20, 2011).....................................................21

*Swonke v. Sprint Inc.*,
    327 F.Supp.2d 1128 (N.D. Cal. Apr. 26, 2004) ...................................................20

*Terry v. Register Tapes Unlimited, Inc.*,
    2016 WL 4192438 (E.D. Cal. Aug. 8, 2016) ........................................................17

*In re Wal-Mart Stores, Inc.*,
    505 F.Supp.2d 609 (N.D. Cal. 2007) ...................................................................24

*Walsh v. Nev. Dep't Human Res.*,
    471 F.3d 1033 (9th Cir. 2006).............................................................................23

**CALIFORNIA CASES**

*Aguilar v. Avis Rent A Car Sys., Inc.*,
    21 Cal.4th 121 (1999)...........................................................................................18

*Alcorn v. Anbro Eng'g, Inc.*,
    2 Cal.3d 493 (1970)..............................................................................................22

**DEFENDANT BANK OF AMERICA N.A.'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S COMPLAINT**

*Christensen v. Sup. Ct.*,
   54 Cal.3d 868 (1991)........................................................................................22

*Clark v. Lakewood*,
   259 F.3d 996 (9th Cir. 2001).............................................................................23

*Clark v. Sup. Ct.*,
   50 Cal.4th 605 (2010)........................................................................................24

*Cole v. Fair Oaks Fire Protection Dist.*,
   43 Cal.3d 148 (1987)........................................................................................21

*Cornelius v. L.A. Cnty. Etc. Auth.*,
   49 Cal.App.4th 1761 (1996)..............................................................................23

*Driscoll v. Granite Rock Co.*,
   Santa Clara Sup. Ct. Case No. 1-08-CV-103426 ...............................................12

*Harris v. City of Santa Monica*,
   56 Cal.4th 203 (2013)........................................................................................16

*Hughes v. Pair*,
   46 Cal.4th 1035 (2009)..................................................................................22, 23

*Janken v. GM Hughes Electronics*,
   46 Cal.App.4th 55 (1996)..................................................................................18

*Kelly-Zurian v. Wohl Shoe Co.*,
   22 Cal.App.4th 397 (1994)................................................................................18

*King v. United Parcel Service, Inc.*,
   152 Cal.App.4th 426 (2007)..............................................................................19

*Kirby v. Immoos Fire Protection, Inc.*,
   53 Cal.4th 1244 ...............................................................................................24

*Mendoza v. Nordstrom, Inc.*,
   2 Cal.5th 1074, 1078 (2017)..............................................................................11

*Miklosy v. Regents of Univ. of California*,
   44 Cal.4th 876 (2008)........................................................................................21

*Pineda v. Bank of America, N.A.*,
   50 Cal.4th 1389 (2010)......................................................................................24

*Reno v. Baird*,
   18 Cal.4th 640 (1998)........................................................................................17

*Roby v. McKesson Corp.*,
   47 Cal.4th 686 (2009)........................................................................................17

**DEFENDANT BANK OF AMERICA N.A.'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S COMPLAINT**

*Semore v. Pool,*
    217 Cal.App.3d 1087 (1990)...........................................................................22

*Shoemaker v. Myers,*
    52 Cal.3d 1 (1990)..................................................................................21, 22

*Trerice v. Blue Cross of Calif.,*
    209 Cal.App.3d 878 (1989)....................................................................22, 23

*Trujillo v. North County Transit. Dist.,*
    63 Cal.App.4th 280 (1998)...........................................................................19

*Vikco Ins. Servs., Inc. v. Ohio Indem. Co.,*
    70 Cal.App.4th 55 (1999)............................................................................13

**FEDERAL STATUTES**

29 U.S.C. § 201.............................................................................................5

**CALIFORNIA STATUTES**

Cal. Bus. & Prof. Code § 17200...................................................................23

Cal. Lab. Code § 226.........................................................................14, 15, 24

Cal. Lab. Code § 226(a)...............................................................................14

Cal. Lab. Code § 226(e).........................................................................14, 15

Cal. Lab. Code § 226(e)(1)..........................................................................14

Cal. Lab. Code § 226(e)(2)(B)(i)..................................................................15

Cal. Lab. Code § 226(e)(2)(B)(ii).................................................................15

Cal. Lab. Code § 226.7............................................................................7, 24

Cal. Lab. Code § 227.3...............................................................................11

Cal. Lab. Code § 551...................................................................................10

Cal. Lab. Code § 552...................................................................................10

Cal. Lab. Code § 1174..........................................................................13, 14

Cal. Lab. Code § 1175..........................................................................13, 14

Cal. Lab. Code § 3602...............................................................................21

**DEFENDANT BANK OF AMERICA N.A.'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S COMPLAINT**

**OTHER FEDERAL AUTHORITIES**

Fed. R. Civ. P. 8 ................................................................................................ *passim*

Fed. R. Civ. P. 8(a)(2) .......................................................................................4

Fed. R. Civ. P. 12(b)(6) .....................................................................................3

Fed. R. Civ. P. 12(f) ........................................................................................1, 3

**OTHER CALIFORNIA AUTHORITIES**

Cal. Code Regs., tit. 2, § 7287.6....................................................................17

**DEFENDANT BANK OF AMERICA N.A.'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S COMPLAINT**

## NOTICE OF MOTION AND MOTION

**TO PLAINTIFF ARIANNA SUAREZ AND HER COUNSEL OF RECORD:**

**NOTICE IS HEREBY GIVEN** that, on April 26, 2018, at 10:00 a.m., in Courtroom B of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, 15th Floor, San Francisco, CA 94102, Defendant Bank of America, N.A. (the "Bank" or "Defendant") will and hereby does move the Court to dismiss and/or strike portions of Plaintiff's Complaint (the "Complaint") pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(f) on the grounds that:

1. Plaintiff's purported First Cause of Action for failure to compensate for all hours worked in violation of Cal. Labor Code § 200-204, 216, 223, 225.5, 500, 510, 558, 1197, 1193, 1198 fails as a matter of law because Plaintiff has failed to plead facts to state a claim for relief.

2. Plaintiff's purported Second Cause of Action for failure to pay minimum wage in violation of Cal. Labor Code §§ 223, 1194, et seq. fails as a matter of law because Plaintiff has failed to plead facts to state a claim for relief.

3. Plaintiff's purported Third Cause of Action for failure to provide meal and rest breaks in violation of Cal. Labor Code §§ 226.7, 512 and 1198 fails as a matter of law because Plaintiff has failed to plead facts to state a claim for relief.

4. Plaintiff's purported Fourth Cause of Action for failure to provide adequate time off in violation of Cal. Lab. Code §§ 551 and 552 fails as a matter of law because Plaintiff has failed to plead facts to state a claim for relief.

5. Plaintiff's purported Fifth Cause of Action for failure to pay vested vacation benefits at termination in violation of Cal. Lab. Code § 227.3 fails as a matter of law because Plaintiff has failed to plead facts to state a claim for relief.

100273316.2

2

**DEFENDANT BANK OF AMERICA N.A.'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)**

6. Plaintiff's purported Sixth Cause of Action for failure to timely pay final wages at separation in violation of Cal. Lab. Code §§ 201-203 fails as a matter of law because:

    a. Plaintiff has failed to plead facts to state a claim for relief; and/or

    b. The claim fails to set forth sufficient facts regarding a willful failure to pay wages due; and/or

    c. Meal and rest break payments pursuant to Cal. Lab. Code § 226.7 are not "wages" that are subject to the final pay requirements of Cal. Lab. Code §§ 201-202.

7. Plaintiff's purported Seventh Cause of Action for failure to maintain accurate records in violation of Cal. Lab. Code §§ 1174 and 1175 fails as a matter of law because there is no private right of action under the statutes.

8. Plaintiff's purported Eighth Cause of Action for failure to provide accurate itemized wage statements in violation of Cal. Lab. Code § 226 fails as a matter of law because:

    a. Plaintiff has failed to plead facts to state a claim for relief; and/or

    b. The Complaint is devoid of any factual allegation that Plaintiff in fact suffered any cognizable injury; and/or

    c. Plaintiff fails to allege that her wage statements were inaccurate as to the payment of wages actually paid to her; and/or

    d. Meal and rest break payments pursuant to Cal. Lab. Code § 226.7 are not "wages" that are subject to reporting under Cal. Lab. Code § 226.

9. Plaintiff's purported Ninth Cause of Action for retaliation in violation of public policy fails as a matter of law because Plaintiff has failed to plead facts to state a claim for relief.

10.   Plaintiff's purported Tenth Cause of Action for wrongful termination in violation of public policy fails as a matter of law because Plaintiff has failed to plead facts to state a claim for relief.

11.   Plaintiff's purported Eleventh Cause of Action for discrimination and harassment in violation of Cal. Gov't Code § 12940 et seq. fails as a matter of law because Plaintiff has failed to plead facts to state a claim for relief.

12.   Plaintiff's purported Twelfth Cause of Action for failure to prevent and investigate discrimination and harassment in violation of Cal. Gov't Code § 12940 et seq. fails as a matter of law because Plaintiff has failed to plead facts to state a claim for relief.

13.   Plaintiff's purported Thirteenth Cause of Action for failure to provide reasonable accommodation in violation of Cal. Gov't Code § 12940 et seq., fails as a matter of law because Plaintiff has failed to plead facts to state a claim for relief.

14.   Plaintiff's purported Fourteenth Cause of Action for failure to engage in the interactive process in violation of Cal. Gov't Code § 12940 et seq. fails as a matter of law because Plaintiff has failed to plead facts to state a claim for relief.

15.   Plaintiff's purported Fifteenth Cause of Action for violation of rights under the CFRA and FMLA in violation of Cal. Gov't Code § 12945.2 and 28 C.F.R. § 825.302 fails as a matter of law because Plaintiff has failed to plead facts to state a claim for relief.

16.   Plaintiff's purported Sixteenth Cause of Action for intentional infliction of emotional distress fails as a matter of law because:

      a.      It is barred by the exclusive remedy provision of the Workers' Compensation

Act, Cal. Labor Code § 3602, et seq. ("WCA"); and/or

    b.    Plaintiff has failed to plead facts to state a claim for relief.

17.    Plaintiff's purported Seventeenth Cause of Action for negligent infliction of emotional distress fails as a matter of law because:

    a.    It is barred by the exclusive remedy provision of the WCA; and/or

    b.    Plaintiff has failed to plead facts to state a claim for relief

18.    Plaintiff's purported Eighteenth Cause of Action for negligence fails as a matter of law because:

    a.    It is preempted by the California Labor Code; and/or

    b.    Plaintiff has failed to plead facts to state a claim for relief

19.    Plaintiff's purported Nineteenth Cause of Action for injunctive relief fails as a matter of law because Plaintiff lacks standing to seek such relief as a former employee.

20.    Plaintiff's purported Twentieth Cause of Action for unfair business practices in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"), fails as a matter of law because:

    a.    It is derivative of factually and legally defective claims for relief that fail as a matter of law; and/or

    b.    Meal and rest break payments pursuant to Cal. Lab. Code § 226.7, inaccurate wage statement penalties pursuant to Cal. Lab. Code § 226 and waiting time penalties pursuant to Cal. Lab. Code § 203 are not subject to restitution under the UCL.

21.    Plaintiff's request for attorneys' fees and costs in connection with her claims for meal and rest break violations, as alleged in Paragraphs 70-72 of the Complaint,

100273316.2

5

DEFENDANT BANK OF AMERICA N.A.'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)

should be dismissed or stricken because such fees are not available for prevailing on those claims.

Defendant further moves to dismiss and/or strike the following class allegations from Plaintiff's Complaint on the grounds that they are immaterial and impertinent as the Complaint fails to state a claim upon which relief for the putative class can be granted:

- All references to "Class Members" throughout the Complaint;
- Page 2, lines 22: "on behalf of herself, all others similarly situated, and the general public";
- Paragraphs 27 through 33 in their entirety regarding Plaintiff's putative class claims and allegations;
- Paragraph 1 of Plaintiff's Prayer for Relief requesting certification of this action as a class action.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities and Request for Judicial Notice filed concurrently herewith, and all matters which may be judicially noticed pursuant to Rule 201 of the Federal Rules of Evidence, the Court's files and records in this action, and such other evidence and arguments as may be made or presented at or before the hearing on the Motion.

DATED: March 16, 2018            **McGuireWoods LLP**


                                 By:    ___/s/ Sylvia J. Kim_____
                                        Michael D. Mandel, Esq.
                                        Sylvia J. Kim, Esq.

                                        Attorneys for Defendant
                                        BANK OF AMERICA, N.A.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff Arianna Suarez alleges she is a former Assistant Manager for the Bank.  She asserts a total of 20 causes of action against the Bank: 11 individual causes of action for alleged wrongful termination and related causes of action and nine wage and hour claims against the Bank on behalf of herself and a group of putative class members ("PCMs") who worked for the Bank as Assistant Managers or in "similar job titles."  However, all of Plaintiff's claims fail as a matter of law because they suffer from pleading and substantive defects, many of which are incurable.  As explained more fully below, these deficiencies and others subject Plaintiff's Complaint to dismissal under Fed. R. Civ. P. 8 and/or 12(b)(6).  In addition, the Court should strike her class action allegations under Fed. R. Civ. P. 12(f).[1]

### II.  STATEMENT OF FACTS

Plaintiff alleges that she worked for the Bank as a non-exempt Assistant Manager from approximately 2003 to 2017.[2]  *See* Complaint, ¶¶ 1, 13, and 25.  During some unspecified point in time, Plaintiff claims she "was consistently denied the opportunity to take her lunch break or other rest breaks" by an "immediate supervisor managing her banking center."  *Id,* at ¶ 14.  Plaintiff also alleges that she "was often reprimanded by her supervisor when she would attempt to take a break or use the restroom" and that "[s]he almost never received an uninterrupted meal period or rest break...."  *Id.*  Allegedly, "[w]hen Plaintiff would try to indicate on her records that she had not been able to take a meal period for the day, her supervisor barred that indication" and "Plaintiff was never compensated in the form of a meal premium...."  *Id.*, ¶ 15.

In July 2017, Plaintiff alleges she was diagnosed with "Gestational Diabetes in association with her pregnancy," which required her to periodically "check and regulate her blood glucose levels, often requiring the use of a glucose monitor as well as a light snack or meal to control sugar

---

[1] This motion follows the Bank's efforts to meet and confer with Plaintiff to address the issues raised herein.  Plaintiff failed to respond to the Bank's overtures.

[2] While Plaintiff does not allege these facts, the Bank's records reflect that Plaintiff went out on a leave of absence in October 2016 and never returned to work.

spikes and drops." *Id*. at ¶ 16. She further alleges that she "was issued a doctor's note explaining that [she] needed to take her meal periods and eat in order to regulate her blood sugar levels," which she "passed … to Defendant in a timely manner," but that the Bank "disregarded the doctor's note, and continued its policy of denying Plaintiff meal periods and rest periods." *Id.* at ¶ 18. Plaintiff alleges that she "was often forced to interrupt business to check her blood glucose levels, in spaces with limited-to-no privacy" and that "co-workers and customers often witnessed Plaintiff drawing blood to check her blood glucose levels." *Id.* Plaintiff also alleges that, after reporting her pregnancy, she was "frequently asked inappropriate questions about her health and ability to continue working in a condescending manner" but fails to identify the individual who allegedly asked these questions. Plaintiff's supervisor allegedly "asked questions about her future with the company, and once expressed that 'this isn't the right banking center for you.'" *Id*. at ¶ 19.

Plaintiff further alleges that she "was forced to work overtime hours for which she was compensated, though she had no choice" as to whether to work the overtime and complained about doing so because her son required visits to the doctor's office for treatment of a genetic illness. *Id.* at ¶ 20. She claims that "[i]n one instance" while Plaintiff was at work, her son was "rushed to the hospital for a transfusion" but that she "was barred from taking a personal or sick day to visit him" because her supervisor "told her she needed to stay to run the banking center." *Id.* at ¶ 21. However, Plaintiff admits that she "was allowed to go visit her son in the hospital on that day" after she called her supervisor's supervisor to complain. *Id.* at ¶ 21. Plaintiff's supervisor allegedly "reprimanded her for complaining above the supervisor's rank and [Plaintiff] was told to 'never go over her head again.'" *Id.* at ¶ 23.

Plaintiff alleges that "[w]hen [she] went out on maternity leave in August 2017, she injured her back and transitioned to long-term disability leave which would last until February 2018." *Id*. at ¶ 24. The Bank allegedly terminated Plaintiff's employment by letter dated September 27, 2017 and Plaintiff "received her final pay deposit on September 27th, 2017 in the amount of $1,700." *Id*. at ¶ 25. Plaintiff claims her final pay did not "reflect her unused sick leave, vacation time, and other paid time off to which she was entitled." *Id.*

Based on the foregoing, Plaintiff now asserts the nine putative class action wage and hour

claims on behalf of herself and the PCMs, and 11 individual claims.  But, as we discuss below, Plaintiff has failed to allege facts to state any claim for even individual relief, much less relief on behalf of a putative state-wide class.

### III.    LEGAL ARGUMENT

####    A.    APPLICABLE LEGAL STANDARDS

#####        1.    Fed. R. Civ. P. 12(b)(6) & 12(f)

Under Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory; or (2) the absence of sufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Similarly, Fed. R. Civ. P. 12(f) empowers the Court to "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Matter is "immaterial" if it has no essential or important relationship to the claim for relief or defenses pleaded.  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).  An "impertinent" allegation is neither responsive nor relevant to the issues involved in the action and which could not be put in issue or given in evidence between the parties.  *Gilbert v. Eli Lilly & Co., Inc.*, 56 F.R.D. 116, 120 n. 6 (D.P.R. 1972).  The Court may also strike matters to reduce trial complication and "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

#####        2.    The *Twombly* And *Iqbal* Pleading Standards

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*"), the Supreme Court held that, under Fed. R. Civ. P. 8 ("Rule 8"), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and *a formulaic recitation of the elements of a cause of action will not do*."  *Id.* at 555 (emph. added).  Thus, the Court is "free to ignore legal conclusions, *unsupported conclusions*, unwarranted inferences and *sweeping legal conclusions cast in the form of factual allegations*."  *Farm Credit Svcs. v. Am. State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (cit. omitted) (emph. added).  The Supreme Court further held that a plaintiff's "bare averment that he wants relief and is entitled to it" does not satisfy the requirement

under Fed. R. Civ. P. 8(a)(2) that a complaint contain a "short and plain statement of claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 556, n.3. Rather, a complaint must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* In *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) ("*Iqbal*"), the Supreme Court held that *Twombly* applies to "all civil actions," and explained that "where the well-pleaded ***facts*** do not permit the court to infer more than the ***mere possibility of misconduct***, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (emph. added).

Following *Twombly* and *Iqbal*, a two-pronged approach is used to analyze the sufficiency of the allegations of a complaint: (1) the Court should first identify and disregard conclusory allegations which are not entitled to the assumption of truth; and (2) the Court should then determine whether the remaining allegations, if taken as true, present a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the ***reasonable inference*** that the ***defendant is liable for the misconduct*** alleged." *Id.* at 1949 (emph. added).

### 3. Putative Wage And Hour Class Action Claims And Allegations Are Subject To Dismissal Or Striking For Failure To Satisfy The *Twombly* And *Iqbal* Pleading Standards.

Plaintiff must plead ***specific facts*** showing an entitlement to relief on a class-wide basis for the Court to be able to determine that a plaintiff is entitled to move forward and subject defendants to the rigors, burdens, and costs of the discovery that typically ensues in a putative class action lawsuit. *See Iqbal*, 556 U.S. at 679 (Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). Without the courts acting as gatekeepers, any employee who claims to have suffered even a single, isolated violation of the Labor Code could simply allege, without any plausible basis or information, that some vague "policy" or "procedure" exists, and that it is applied to a putative class of people about whom the plaintiff has no knowledge or information whatsoever, needlessly subjecting the defendant to the burden and expense of litigating a class action. Thus, for example, in *Ortiz v. Sodexho Operations, LLC*, 2010 WL 11552888 at *1 (C.D. Cal. Aug. 12, 2010), the court dismissed putative class claims for wage and hour violations where the plaintiff's complaint was "devoid of specific factual allegations of how

defendants supposedly treated all putative class members the same as her with respect to rest breaks, meal periods, indemnification for expenses, failure to pay overtime compensation or minimum wage, payment of final wages, and wage statements" and alleged "no facts showing that Sodexo had any statewide policies or practices giving rise to plaintiff's causes of action."

In short, class action complaints that are pled merely based on legal conclusions and recitations of the elements of the putative class action claims asserted, such as the one here, do not pass muster under *Twombly* and *Iqbal* in the same way that plaintiff's individual claims would fail for merely stating legal conclusions. *Iqbal*, 556 U.S..at 680-81 (rejecting allegations of a "policy" as "bare assertions" that are "conclus[ions]" and not fact).

As discussed below, the Court should dismiss each of the claims in Plaintiff's Complaint because they do not comply with Rule 8 and/or are substantively defective, and/or strike Plaintiff's class allegations on the grounds that the Complaint fails to allege facts that are plausibly suggestive of any putative class claims for relief.

**B.    PLAINTIFF'S FIRST AND SECOND CLAIMS FOR FAILURE TO PAY FOR "OFF-THE-CLOCK" WORK AND MINIMUM WAGE VIOLATIONS FAIL TO STATE CLAIMS FOR INDIVIDUAL OR PUTATIVE CLASS RELIEF.**

Plaintiff's purported First and Second Causes of Action for failure to pay for "off-the-clock" work and minimum wage violations fail to allege sufficient facts necessary to satisfy the requirements of Rule 8. In *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014), the Ninth Circuit held that, in order to state a plausible claim for relief for minimum wage violations under the analogous Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), a plaintiff must allege "facts showing that there was a specific week in which he was entitled to but denied minimum wages…"  Thus, at a minimum, a plaintiff "***should be able to specify at least one workweek*** in which they worked [uncompensated hours] and were not paid … wages." *Id.* at 646. That is, Plaintiff must allege the approximate number of hours she claims to have worked without compensation and/or sufficient facts to show that there was at least one week in which she worked off-the-clock.

**1.    Plaintiff Fails to State a Claim for Individual Relief.**

Plaintiff's allegations here do nothing more than parrot the statutory language and are not

"plausibly suggestive of a claim entitling the plaintiff to relief" for any unpaid wages violations. *Moss v. U.S. Secret Svc.*, 572 F.3d. 962, 969 (9th Cir. 2009). Plaintiff alleges that "Plaintiff and [PCMs] routinely performed work 'off-the-clock,'" and that "Defendants employed Plaintiff and Class Members, each of whom did not receive the applicable minimum wage for all hours worked on Defendant's behalf." *Id.* at ¶¶ 41, 52. But Plaintiff does not allege any facts plausibly suggesting that Plaintiff, much less other PCMs throughout the state, worked any uncompensated hours in the first instance, or that they did so during the applicable limitations period.[3] In fact, Plaintiff's allegations suggest the exact opposite. *See, e.g.,* Complaint, ¶ 20 ("Multiple times, Plaintiff was forced to work overtime hours *for which she was compensated*....") emph. added) Therefore, the only reasonable inference to draw from Plaintiff's allegations is that the Bank compensated her for *all* of her work hours.

Plaintiff's allegations contain even less factual support than cases in which courts in this district have dismissed claims for failure to plead sufficient facts. For example, in *McMillian v. Overton Security Services, Inc.*, 2017 WL 4150906, *2-3 (N.D. Cal., Sept. 19, 2017) (Corley, J.), the court dismissed claims for minimum wage and off-the-clock violations because the plaintiff failed to identify any workweek or pay period in which he was not properly paid, and he failed to allege any facts to suggest, *inter alia,* that he was not paid when he was required to work past his scheduled shift. Similarly, in *Haralson v. United Airlines, Inc.*, 224 F.Supp.3d 928, 942 (N.D. Cal. 2016) (Tigar, J.), the court dismissed claims for unpaid wages that were based on allegations that the defendant directed the plaintiff to work off-the-clock after he was signed out of his shift because the plaintiff failed to allege a specific workweek in which he worked uncompensated hours.

### 2.     Plaintiff Fails to State a Claim for Class-Wide Relief.

Moreover, Plaintiff's Complaint contains *no* allegation of a common policy or practice pursuant to which PCMs were required to work off-the-clock or not compensated for all of their

---

[3] The failure to allege any specific instance(s) of wage and hour violations is particularly critical given that Plaintiff alleges that she worked for the Bank commencing in 2003, well outside of the applicable limitations period for any of her claims.

work hours. Plaintiff alleges only that PCMs "routinely performed work 'off-the-clock'" (Complaint, ¶ 41), but this conclusory allegation is unsupported by any facts and does not even allege that Defendant had any knowledge that PCMs were working off-the-clock, much less than they did so pursuant to some common policy or practice. *See Ortiz*, 2010 WL 11552888 at *1. Therefore, Plaintiff has not alleged any facts from which the Court can reasonably infer that she can state any plausible putative class claims for unpaid wages on behalf of the PCMs.

Because Plaintiff alleges nothing more than legal *conclusions* – bereft of any supporting factual allegations – that Plaintiff and PCMs are owed unpaid wages, the Court should dismiss her First and Second Causes of Action. At a minimum, the Court should strike the class allegations.

### C. PLAINTIFF'S THIRD CLAIM FOR FAILURE TO PROVIDE MEAL AND REST BREAKS FAILS TO STATE A CLAIM FOR INDIVIDUAL OR PUTATIVE CLASS RELIEF.

Plaintiff's Third Cause of Action similarly fails to allege sufficient facts to state individual claims, much less class-wide claims, for meal and rest break violations pursuant to Cal. Labor Code § 226.7 ("Section 226.7"). The Complaint contains only conclusory allegations that do not plausibly suggest that the Bank *prevented* Plaintiff and/or the PCMs from taking legally-compliant breaks and/or failed to pay premiums for missed or otherwise non-compliant meal or rest breaks.

#### 1. Plaintiff Fails to State a Claim for Individual Relief.

In *Gonzalez v. Fallanghina, LLC*, 2016 WL 3951655, *6 (N.D. Cal. July 22, 2016) (James, M.J.), this Court dismissed claims for meal and rest break violations based on allegations that the employer "never" provided breaks and "compelled" the Plaintiff to work through breaks. In doing so, it reasoned that the claims failed to comply with Rule 8 because the plaintiff failed to "provide any of the factual circumstances of how or when that occurred, such as an allegation that Plaintiff's manager made Plaintiff fold napkins during any break or that Plaintiff's supervisor told him he was not allowed to take breaks." *Id.*

Similarly, in *Lopez v. Wendy's Int'l, Inc.*, 2011 WL 6967932, *5 (C.D. Cal. Sept. 19, 2011), the court dismissed claims for meal break violations that were based on allegations which "indicate[d] only that Wendy's locations were busy and/or understaffed, and that she was ordered to complete her assigned tasks." The court reasoned that the plaintiff had not alleged "that

managers gave her these orders knowing that they would result in missed meal or rest breaks, that they were given to her as she prepared to take a break, or that they were associated in any other way with her meal and rest breaks." *Id.* The court further took note that the plaintiff had failed to allege "that she requested a break that was denied or that supervisors told her the restaurant was too busy for breaks to be taken," "that she was told to complete her assigned tasks even if it meant skipping breaks, or that her tasks had to be completed before a break was permitted," and "that … employees were penalized or reprimanded in any way for taking breaks to which they were entitled." *Id.*

Here, the extent of the nonconclusory "facts" Plaintiff alleges are that Plaintiff "was often reprimanded by her supervisor when she would attempt to take a break or use the restroom," and "[w]hen Plaintiff would try to indicate on her records that she had not been able to take a meal period for the day, her supervisor barred that indication." Complaint, ¶¶ 14-15. But Plaintiff does not allege that the "reprimands" by her supervisor *actually resulted in any missed or otherwise non-compliant meal or rest breaks*. In addition, Plaintiff does not allege that her supervisor reprimanded her when she attempted to take a *legally-mandated* break. Rather, she alleges only that her supervisor "often" (but not always) reprimanded her when she would attempt to take *a* break, irrespective of whether or not it was a break to which she was legally entitled. *See Guerrero v. Halliburton Energy Servs., Inc.*, 2016 WL 6494296, *6 (E.D. Cal. Nov. 2, 2016) ("Plaintiff fails to … 'allege a given instance where Defendant failed to *provide* him a meal or rest break *in compliance with state law*.'") (quoting *Freeman v. Zillow, Inc.*, 2015 WL 5179511, *5 (C.D. Cal. Mar. 19, 2015)) (emph. added). Plaintiff also does not allege any facts regarding the nature or substance of her supervisor's alleged "reprimand[s]." Thus, it is impossible to glean whether they were communicated as directives to skip meal or rest breaks or knowing that they would result in a non-compliant meal or rest break.

At a minimum, Plaintiff needs to allege specific *facts* regarding the circumstances that led to her *own* missed meal breaks. *See Deleon v. Time Warner Cable LLC*, 2009 WL 9426145, *3 (C.D. Cal. July 17, 2009) ("[T]he [complaint] should allege more specific facts about Plaintiff himself, if not about the entire class."). Indeed, as with her minimum wage and off-the-clock

claims, Plaintiff must allege facts demonstrating that there was at least one week in which a purported violation occurred which entitles the plaintiff to relief. *See Landers,* 771 F.3d at 640.[4] However, her Complaint is devoid of any factual allegations regarding, *inter alia*, any particular days that she experienced a non-compliant meal or rest break or a specific workweek in which she was denied the opportunity to take a compliant meal or rest break. In fact, Plaintiff's Complaint contains no facts to suggest that she personally worked any shift that was long enough to trigger meal and rest break obligations.[5] Given that these facts should be within Plaintiff's own first-hand knowledge, she must allege specific "circumstances, occurrences, and events" as to how she was deprived of meal and rest breaks. *Twombly*, 550 U.S. at 556, n.3. In the absence of any factual allegations from which the Court can reasonably infer that the Bank *prevented* Plaintiff from taking legally-compliant meal and rest breaks, Plaintiff's claims are not plausible, and therefore fail to meet the standard to state a claim under Rule 8. *See Sanchez v. Ritz Carlton*, 2015 WL 5009659, *3 (C.D. Cal. Aug. 17, 2015) ("[W]ithout factual allegations about [Plaintiff's] specific experiences, the claims against Defendants are merely 'conceivable,' not 'plausible.'").

### 2. Plaintiff Fails to State a Claim for Class-Wide Relief.

Even assuming *arguendo* that Plaintiff's allegations are sufficient to state an individual claim for relief, there is nothing in the Complaint that plausibly suggests that the allegations therein describe anything more than Plaintiff's *individual* experience with *her particular* supervisor, and there is no basis whatsoever for a plausible claim for class-wide relief, particularly for those who worked in locations where Plaintiff never worked and/or for supervisors to whom Plaintiff never reported. *Ortiz*, 2010 WL 11552888 at *1. Indeed, Plaintiff does not specifically identify any purportedly common policy, practice, or procedure that applied to the PCMs in a uniform or systemic manner to deprive them of breaks. *Id.* Plaintiff merely alleges that "Defendant did not

---

[4] As discussed in footnote 4, *supra,* the failure to allege any specific instance is particularly critical given that Plaintiff alleges that she began working for the Bank well outside of the statute of limitations period.

[5] *See Haralson, supra,* 224 F.Supp.3d at 941 (dismissing meal and rest break claims where plaintiff failed to allege that he worked sufficient hours to be entitled to a meal or rest break); *Ovieda v. Sodexo Operations, LLC*, 2012 WL 1627237, *2 (C.D. Cal. May 7, 2016) (same).

**DEFENDANT BANK OF AMERICA N.A.'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)**

consistently provide the meal and rest periods to which Plaintiff and [PCMs] were entitled because business needs took precedence, routinely interfering with their breaks" and that "Plaintiff or [PCMs] failed to address business needs at any time, including breaks, they were subject to discipline, up to and including termination."

In *Dawson v. Hitco Carbon Composites, Inc.*, U.S. Dist. Ct., C.D. Cal. Case No. 2:16-cv-07337-PSG-FFM (May 5, 2017), the court dismissed claims for meal and rest break violations where the Plaintiff alleged that "Plaintiff and the other class members' meal [and rest] periods were missed, shortened, late, and/or were interrupted because Defendants required them to perform work duties including, but not limited to, responding to business related inquiries and instructions and meeting time-sensitive company deadlines" and that "Defendants failed to relieve Plaintiff and the other class members of all duties, failed to relinquish control … failed to permit … a reasonable opportunity to take, and impeded or discouraged them from taking … uninterrupted meal periods." See Exh. A at p. 3. The court reasoned that the allegations "indicate only that defendant required plaintiff and other class members to perform certain job duties which may have resulted in missed or shortened meal and rest breaks, but do not state that defendant actively prevented or discouraged plaintiff and other employees from taking their breaks. Plaintiff does not, for example, allege that defendant ordered ***these job duties to be performed even if it meant missing breaks, or that the duties had to be completed before a break could be taken, or that duties were assigned as plaintiff prepared to take a break.***" *Id.* (emph. added).

Similarly, here, Plaintiff's allegations in no way suggest that PCMs were *ordered* to address "business needs" even if it meant missing breaks or that they would be subject to some form of discipline for not doing so *during legally-mandated breaks*.

Based on the foregoing, the Court should dismiss the Third Cause of Action. At a minimum, the Court should strike the class allegations pertaining to the Third Cause of Action.

> **D. PLAINTIFF'S FOURTH CLAIM FOR FAILURE TO PROVIDE ADEQUATE TIME OFF FAILS TO STATE A CLAIM FOR INDIVIDUAL OR PUTATIVE CLASS RELIEF.**

Plaintiff's purported Fourth Cause of Action for failure to provide adequate time off also fails to state a claim for relief as a matter of law, on an individual or class-wide basis.

First, Plaintiff does not even allege that she worked a consecutive seven-day period in any particular workweek as needed to subject the Bank to a potential violation of Cal. Lab. Code §§ 551 and 552. *See, e.g.*, *Mendoza v. Nordstrom, Inc.*, 2 Cal.5th 1074, 1078 (2017) ("A day of rest is guaranteed for each workweek. Periods of more than six consecutive days of work that stretch across more than one workweek are not per se prohibited.").

Second, Plaintiff's request for unpaid overtime wages in connection with this cause of action conflicts with Plaintiff's earlier allegation in Paragraph 20 of the Complaint that *she was compensated for all of her overtime hours*. *See* Complaint, ¶ 20 ("Multiple times, Plaintiff was forced to work overtime hours for which she was compensated...."). Such inconsistencies in Plaintiff's allegations render her claim for unpaid wages implausible.

Third, Plaintiff fails to allege a specific policy or practice applicable to **all** PCMs to warrant her claim proceeding on a class basis. On the contrary, she has limited her allegations to her *own* alleged experience: "*Plaintiff* was required to work a seven day week on more than one occasion," "Defendants did not pay overtime compensation when *Plaintiff* worked these seven-day weeks," "*Plaintiff* is entitled to compensation in the form of overtime not paid." *See* Complaint, ¶¶ 75-77 (emph. added). Consequently, the Court should dismiss Plaintiff's Fourth Cause of Action, or, at a minimum strike the class action allegations.

### E. PLAINTIFF'S FIFTH CLAIM FOR FAILURE TO PAY VESTED VACATION WAGES FAILS TO STATE A CLAIM FOR INDIVIDUAL OR PUTATIVE CLASS RELIEF.

Plaintiff's purported Fifth Cause of Action also fails to allege facts sufficient to support a claim for vested "vacation" wages violations. The only allegations in Plaintiff's Complaint related to this claim are bald assertions that the Bank's paid time off ("PTO") policy "constituted a vacation policy subject to [Section 227.3]," "Plaintiff had accrued but unused vacation time upon her termination from employment," and her final paycheck "did not reflect her unused . . . vacation time, and other paid time off to which she is entitled." Complaint, ¶¶ 25, 29, 81, and 82. But merely claiming that there is a vacation policy and that vacation wages are due does not establish a

*plausible* claim that Plaintiff or any PCM actually forfeited vested vacation wages.[6]  Indeed, Plaintiff does not even allege the terms of the Bank's PTO policy, nor allege any *facts* to suggest that Plaintiff or any PCM have unpaid accrued vacation wages due.

Moreover, Plaintiff's allegations pertain only to purported violations experienced by *Plaintiff* (i.e., *Plaintiff's* final paycheck "did not reflect *her* unused … vacation time….") and lack any facts plausibly suggestive of the existence of any *class-wide* policy or practice of failing to pay accrued PTO at termination.  Accordingly, Plaintiff's Complaint fails to state a plausible claim for relief for forfeiture of vested vacation time on an individual or putative class basis.

### F.  PLAINTIFF'S SIXTH CLAIM FOR FAILURE TO TIMELY PAY FINAL WAGES FAILS TO STATE A CLAIM FOR INDIVIDUAL OR PUTATIVE CLASS RELIEF.

Plaintiff has not alleged any facts that suggest any *willful* violation by the Bank.  Although Plaintiff alleges that the Bank "willfully" failed to compensate her and PCMs their wages upon termination, Plaintiff "fails to support this conclusory allegation with factual support."  *Brown v. Wal-Mart Stores, Inc.*, 2013 WL 1701581, *8 (N.D. Cal. Apr. 18, 2013) (Illston, J.).   Indeed, the mere failure to make payments at termination – the right to which is the subject of a good-faith dispute – cannot, as a matter of law, establish a "willful" failure to timely pay all terminal wages. *See* Exh. B, Statement of Decision in *Driscoll v. Granite Rock Co.*, Santa Clara Sup. Ct. Case No. 1-08-CV-103426, p. 23 (Sept. 20, 2011) ("[P]roof of violation of one statute does not prove a knowing and intentional violation of another.").

Moreover, Plaintiff's claim is devoid of any allegations that plausibly suggest that the Bank maintained a "policy or practice" of failing to pay final wages to all terminated PCMs in a timely manner.  Instead, her Complaint alleges nothing more than the factually-devoid *conclusion* that the

---

[6] *See*, *e.g.*, *Andresen v. Int'l Paper Co.*, 2013 WL 2285338, *3-4 (C.D. Cal. May 23, 2013) (dismissing claims for forfeiture of vested vacation wages for, *inter alia*, failure to allege "the existence and terms of a policy entitling [the plaintiffs] to the amount of accrued vacation time alleged in their complaint to proceed with this claim"); *Gatdula v. CRST Van Expedited, Inc.*, 2011 WL 3652491, *7 (C.D. Cal. June 3, 2011) (dismissing claims for failure to pay accrued vacation at termination where plaintiff failed to allege "what the [vacation] policy was or how it deprived [PCMs] of their vacation pay"); *Silva v. U.S. Bancorp*, 2011 WL 7096576, *5 (C.D. Cal. Oct. 6, 2011) ("[B]are, conclusory allegations that Defendants did not provide him with vacation pay are not sufficient to state a claim.").

Bank "failed to implement a policy and practice to pay Plaintiff and [PCMs] accrued wages and other compensation due immediately upon termination or within seventy-two hours of resignation...." Complaint, ¶ 89. However, Plaintiff's allegations suggest that, even if any pay violation occurred, it was unique to her personal experience. Indeed, Plaintiff admits that her final wages were paid to her on the date of her termination, but alleges that they were not paid *in full* because they failed to include accrued PTO wages. *See* Complaint, ¶ 25. However, Plaintiff has neither identified nor alleged the existence of any common policy or practice whereby the Bank willfully excludes accrued PTO wages from final paychecks that are otherwise timely tendered at termination. The Complaint also lacks any factual allegations establishing that Plaintiff has *actual knowledge* (and not just speculation) of the policies or practices as they applied to locations in which Plaintiff did not work. As such, Plaintiff's speculative and conclusory allegations regarding the Bank's "policies and practices" do not plausibly suggest any legal liability for the Bank on Plaintiff's putative class action claims. Because Plaintiff fails to allege any *facts* to suggest that the Bank engaged in a "policy and practice" of "*willful*" violations to impose Section 203 waiting time penalties, Plaintiff has failed to allege a plausible claim for class-wide relief.

### G. PLAINTIFF'S SEVENTH CLAIM FOR FAILURE TO MAINTAIN ACCURATE RECORDS FAILS TO STATE A CLAIM.

Plaintiff alleges that Defendant is liable pursuant to Cal. Labor Code §§ 1174 ("Section 1174") and 1175 ("Section 1175") for failure to maintain accurate records of hours worked and wages paid. *See* Complaint, ¶ 97. However, there is no private right of action under these statutes.

"Adoption of a regulatory statute does not automatically create a private right of action to sue for damages resulting from violations of the statute. Such a private right of action exists only if the language of the statute or its legislative history clearly indicates the Legislature intended to create such a right to sue for damages." *Vikco Ins. Servs., Inc. v. Ohio Indem. Co.*, 70 Cal.App.4th 55, 62-63 (1999). Thus, a private right of action only exists "if the statute, in 'clear and understandable, unmistakable terms,' indicates an intent to create such a right." *Id.*

Pursuant to Section 1175, an employer that fails to comply with Section 1174's record-keeping requirements may be "guilty of a misdemeanor." Lab. Code § 1175. But nothing in the

statutory language or legislative history of Sections 1174 or 1175 indicate the existence of a legislative intent to create a private right of action. Therefore, Plaintiff's allegations that purport to assert direct claims for violations of Sections 1174 and 1175, should be stricken.[7]

**H.    PLAINTIFF'S EIGHTH CLAIM FOR FAILURE TO PROVIDE ACCURATELY ITEMIZED WAGE STATEMENTS FAILS TO STATE A CLAIM FOR INDIVIDUAL OR PUTATIVE CLASS RELIEF.**

First, to seek statutory damages or penalties for any alleged violation of the itemized wage statement requirements of Cal. Labor Code § 226(a) ("Section 226(a)"), Plaintiff must allege facts supporting that the Bank committed "*knowing* and *intentional* failure[s] … to comply" with Section 226(a).  Cal. Lab. Code § 226(e) (emph. added).  But Plaintiff merely recites the statutory language of Section 226(a) followed by *conclusory allegations* that the Bank "knowingly and intentionally" failed to comply with such requirements by failing to include the required information on Plaintiff's and the PCMs' wage statements.  *See* Complaint, ¶¶ 101-109.  This is insufficient under Rule 8.[8]  Indeed, Plaintiff does not even allege a single example of any alleged inaccuracy on the wage statement she or any of the PCMs received from the Bank.  *See Soratorio v. Tesoro Refining and Marketing Co., LLC*, 2017 WL 1520416, *8 (C.D. Cal. April 26, 2017) (dismissing claims for Section 226(a) violations where "[t]he Complaint fails to allege a single factual exemplar of any inaccurate wage statement").

Second, Plaintiff fails to properly allege that Plaintiff "suffer[ed] *injury* as a result of" any such violation.  Cal. Lab. Code § 226(e)(1) (emph. added).  In *De La Torre v. American Red Cross*,

---

[7] *See Silva v. U.S. Bancorp*, 2011 WL 7096576, *3 (C.D. Cal. Oct. 6, 2011) (dismissing Section 1174 claim because there is no private right of action to assert it); *Dawson v. HITCO Carbon Composites, Inc.*, 2017 WL 7806618, *7 (C.D. Cal. Jan. 20, 2017) (same); *Guerrero*, 2016 WL 6494296 at *7 (dismissing claims for direct violations of Sections 1174 and 1175).

[8] *See, e.g., Guerrero,* 2016 WL 6494296 at *7; *Ramirez v. Manpower, Inc.*, 2014 WL 116531, *5 (N.D. Cal. Jan. 13, 2014) (Davila, J.) (dismissing Cal. Lab. Code § 226 claims as merely "parrot[ing] the language of the statute" by alleging that defendant "knowingly and intentionally" failed to "include the total number of hours worked by Plaintiff and the Non–Compliant Wage Statement Subclass members, . . . list all applicable hourly rates, . . . include the inclusive dates for the period worked by the Plaintiff and the Non–Compliant Wage Statement Subclass members, and . . . accurately report the gross and net earnings of the Plaintiff and the Non–Compliant Wage Statement Subclass members"); *Brown*, 2013 WL 1701581 at *8 ("Although the [complaint] generally alleges that 'violations of the law were committed knowingly and wilfully' [sic] … plaintiffs fail to support this conclusory allegation with factual support.").

**DEFENDANT BANK OF AMERICA N.A.'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)**

2013 WL 5573101, *6 (C.D. Cal. Oct. 9, 2013), the court dismissed the plaintiff's Section 226 claims for failure to sufficiently allege a cognizable injury under Section 226(e) because, while the plaintiff alleged that the failure to include her bonus payments on her paychecks constituted an inaccuracy, she did not allege that she was unable to "promptly and easily determine" from the wage statement "the amount of gross wages or net wages actually paid to her during the pay periods at issue." As a result, the court held that the plaintiff had "not alleged actual injury resulting from the inaccuracy on her wage statement as required by Section 226." *Id.* Here, Plaintiff likewise fails to allege any *facts* that suggest any cognizable injury.

Third, Plaintiff's Section 226 claim fails for the separate and independent reason that, under Section 226, employers are only required to accurately report wages that the employee is *actually being paid*. Indeed, penalties under Section 226(e) are not available unless the employee cannot determine from the wage statement alone the amount of gross and net wages *actually "paid … during the pay period*" and the amount of deductions *actually "made … during the pay period*." Cal. Labor Code § 226(e)(2)(B)(i)-(ii) (emph. added); *De La Torre*, 2013 WL 5573101 at *6. Here, Plaintiff does not allege that the wage statements were inaccurate in reporting the wages *actually paid to her.* Accordingly, her claim fails as a matter of law on this basis as well.

For the foregoing reasons, the Court should dismiss Plaintiff's Eighth Cause of Action. At a minimum, the Court should strike the class-action allegations pertaining to this claim.

**I.**     **PLAINTIFF'S NINTH CLAIM FOR RETALIATION IN VIOLATION OF PUBLIC POLICY FAILS AS A MATTER OF LAW.**

Plaintiff alleges that the Bank retaliated against her "because Plaintiff has a protected characteristic and/or engaged in protected activity" and that it is her "belie[f]" that the Bank's decision to terminate her employment "was substantially motivated by Plaintiff's opposition to and/or reporting of the actual and/or perceived violations described herein." Complaint, ¶ 120. However, Plaintiff's allegations lack factual content to permit the inference of a causal connection between any alleged protected characteristic or engagement in any protected activity and her termination. Indeed, Plaintiff does not even specify the nature or substance of her alleged "opposition and/or reporting" of any "violations" to the Bank. Rather, the only "facts" Plaintiff

alleges related to this cause of action are that she "went on maternity leave in August of 2017" and that she "received a termination letter on September 29, 2017, which was dated for September 27[th], 2017." *Id.* at ¶¶ 24-25. This falls far short of alleging a plausible claim that Plaintiff's termination was retaliatory. Thus, the Court should dismiss Plaintiff's claim for retaliation.

### J. PLAINTIFF'S TENTH AND ELEVENTH CLAIMS FOR WRONGFUL TERMINATION AND FOR DISCRIMINATION AND HARASSMENT FAIL AS A MATTER OF LAW.

Plaintiff's Tenth Cause of Action asserts wrongful termination in violation of public policy and her Eleventh Cause of Action alleges discrimination and harassment pursuant to the California Fair Employment and Housing Act ("FEHA"). Because Plaintiff fails to plead sufficient facts to support these, these claims all fail.

#### 1. Plaintiff Fails To State a Claim For Discrimination or Wrongful Termination.

The FEHA requires a plaintiff to plead facts that show that a discriminatory motive was "a substantial factor in the employment decision." *Harris v. City of Santa Monica*, 56 Cal.4th 203, 232 (2013). While Plaintiff is not required to prove her case at the pleading stage, she must plead sufficient facts that permit a reasonable inference that she has stated a plausible claim for relief.

Here, Plaintiff has failed to plead *any* facts to suggest that a discriminatory motive was a substantial factor in her termination. Rather, Plaintiff baldly alleges, "Defendants' conduct … was substantially motivated by the fact that Plaintiff has a protected characteristic." Complaint, ¶ 147. This is a conclusion rather than an allegation of fact. It is insufficient as a matter of law to state a claim for relief.[9] Simply put, Plaintiff alleges no *facts* that suggest that she was terminated *because of* any protected characteristic, and her claims fail on that basis.

---

[9] *See, e.g., Galarpe v. United Airlines, Inc.*, 2018 WL 348161, *4 (N.D. Cal., Jan. 10, 2018) (Chen, J.) (dismissing wrongful termination claims where complaints lacked "factual allegations explaining the basis for [plaintiff's] contention that his race, veteran status, or age were substantial factors in Defendant's investigation and termination'); *Sneddon v. ABF Freight Syss.*, 489 F.Supp.2d 1124, 1131 (S.D. Cal. 2007) (dismissing plaintiff's derivative cause of action for wrongful termination in violation of public policy after concluding that plaintiff had failed to state a claim as to the underlying FEHA discrimination claim).

## 2. Plaintiff's Harassment Claim Fails As A Matter Of Law.

Unlawful harassment under FEHA consists of: (1) "verbal harassment" such as "epithets, derogatory comments or slurs on a basis enumerated in the Act"; (2) "physical harassment" such as "assault, impeding or blocking movement, or any physical interference with normal work or movement, when directed at an individual on a basis enumerated in the Act"; and (3) "visual harassment" such as "derogatory posters, cartoons, or drawings on a basis enumerated in the Act." Cal. Code Regs., tit. 2, § 7287.6, subd. (b)(1)(A), (B) & (C). Comments about work-related matters are not actionable as "harassment" under this definition.[10] Indeed, "harassment" consists of only those "actions outside the scope of job duties which are not of a type necessary to business and personnel management." *Reno v. Baird*, 18 Cal.4th 640, 646-47 (1998). "[H]arassment focuses on situations in which the social environment of the workplace becomes *intolerable* because the harassment (whether verbal, physical, or visual) communicates an *offensive message* to the harassed employee." *Roby v. McKesson Corp.*, 47 Cal.4th 686, 705, 706 (2009) (emph. added).

Plaintiff's Complaint is devoid of any allegations that anyone subjected her to epithets, slurs, or other derogatory comments concerning Plaintiff's pregnancy or any protected status.. To that point, Plaintiff's harassment allegations consist solely of the following:

- Plaintiff "was frequently asked inappropriate questions about her health and her ability to continue working in a condescending manner." Complaint, ¶ 19.

- Plaintiff's supervisor asked questions about Plaintiff's future with the company. *Id.*

- Plaintiff's supervisor, on one occasion "expressed that 'this isn't the right banking center for you.'" *Id.*

---

[10] *See, e.g., Terry v. Register Tapes Unlimited, Inc.*, 2016 WL 4192438, *2 (E.D. Cal. Aug. 8, 2016) (dismissing claims for disability harassment based on allegations that individual defendants "blasted" plaintiff "for his declining sales, threatened to further decrease his sales territory, took away plaintiff's commissions based on false accusation that plaintiff had stolen another sales manager's account, rejected the duration of a contract plaintiff sold based on a non-existence policy, failed to protect one of plaintiff's accounts and had other employees contact plaintiff while he was on medical leave for work-related issues); *Haley v. Cohen & Steers Capital Mgmt., Inc.*, 871 F.Supp.2d 944, 957 (N.D. Cal. 2012) (Hamilton, J.) (granting summary judgment on harassment claim because comments about plaintiff's performance and transfers, targeting her, threatening her with disciplinary action, preventing her from moving to east coast to be with her terminally ill father, removing territories from her, interfering with her medical leave, and causing her termination "do not constitute qualifying verbal, physical, or visual harassment with respect to plaintiff's gender or disability" under FEHA).

**DEFENDANT BANK OF AMERICA N.A.'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)**

- Plaintiff's supervisor told her to "never go over her head again." *Id.* at ¶ 23.

Plaintiff also alleges various other perceived workplace slights, such as being required to work overtime with compensation and having to receive approval from her manager's manger in order to take a sick/personal day to visit with her son in the hospital. But in addition to these not supporting a claim for harassment, Plaintiff does not tie them to her pregnancy or related medical condition. While Plaintiff may have perceived these actions as unfair, she does not allege that any supervisor made disparaging or offensive comments to her about her pregnancy or related medical condition, or that her supervisor treated any non-pregnant employees in a different or better way. Rather, the conduct Plaintiff describes in the Complaint are "actions of a type necessary to carry out the duties of business and personnel management." *Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55, 65 (1996). Her vague and conclusory description of the questions about her health being "inappropriate" or communicated in a "condescending manner" do not rise to the level of a plausible claim of actionable harassment.

Even if the alleged comments were not within the scope of personnel management, they also do not support a claim for harassment because they are not "sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment.'" *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal.4th 121, 130 (1999) (emph. added; cit. omitted); *see also Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal.App.4th 397, 409 (1994) (the plaintiff must establish that the workplace is "permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.") (cit. omitted). The conduct Plaintiff alleges does not in any way suggest that her workplace was permeated with insult and ridicule that was sufficiently severe or pervasive to alter the conditions of employment and create an abusive or intolerable working environment. *See Rubadeau v. M.A. Mortenson Co.*, 2013 WL 3356883, *8 (E.D. Cal. July 3, 2013) ("Simply alleging that general conduct was severe, without an indication of frequency or a description of the conduct, is too conclusory.").

Accordingly, the Court should dismiss Plaintiff's Tenth and Eleventh Causes of Action.

100273316.2

**DEFENDANT BANK OF AMERICA N.A.'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)**

### K. PLAINTIFF'S TWELFTH CLAIM FOR FAILURE TO PREVENT AND INVESTIGATE IN VIOLATION OF THE FEHA FAILS AS A MATTER OF LAW.

For the same reasons that Plaintiff cannot state claims for discrimination, harassment, and retaliation under the FEHA, Plaintiff's wholly derivative Twelfth Cause of Action for failure to prevent and investigate discrimination and harassment also fails as a matter of law.[11]

### L. PLAINTIFF'S THIRTEENTH AND FOURTEENTH CLAIMS RELATED TO THE ALLEGED FAILURE TO ACCOMMODATE AND FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS FAIL AS A MATTER OF LAW.

Plaintiff's Thirteenth and Fourteenth Causes of Action fail because Plaintiff has not alleged facts to state a plausible claim that the Bank denied Plaintiff a reasonable accommodation or failed to engage in a good faith interactive process with her. Instead, Plaintiff's Complaint merely alleges the boilerplate conclusions that "Defendants failed to provide reasonable accommodations with respect to Plaintiff's needs based on her disability" and that "Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's disability, if any." Complaint, at ¶¶ 174, 185. But, Plaintiff does not allege any particular accommodation that she needed or request, or that the Bank denied. See *King v. United Parcel Service, Inc.*, 152 Cal.App.4th 426, 443 (2007) (holding that in order to succeed on a claim for failure to accommodate or engage in the interactive process claim, a plaintiff must "tender a specific request for a necessary accommodation"). Although Plaintiff alleges that the Bank "disregarded [her] doctor's note," she simultaneously admits that she was permitted to "interrupt business to check her blood glucose levels" and that, in fact, "co-workers and customers often witnessed Plaintiff drawing blood to check her blood glucose levels." Id. at ¶ 18. Plaintiff also alleges that the Bank approved her request to take maternity leave as well as long-term disability leave. Id. at ¶ 24. Furthermore, Plaintiff does not even allege that she made any request to engage in an interactive process with the Bank. See Fragada v. United Airlines, Inc., 2017 WL 4586933, *8 (C.D. Cal. June 13, 2017) ("Defendant need not … engage in an interactive process

---

[11] *See, e.g., Oliver v. Microsoft Corp.*, 966 F.Supp.2d 889, 898 (N.D. Cal. Aug. 5, 2013) (Seeborg, J.) (granting summary judgment on failure to prevent claim due to "absence of viable underlying claim"); *Trujillo v. North County Transit. Dist.*, 63 Cal.App.4th 280, 289 (1998) (same).

when Plaintiff never requested one in the first place."). Thus, on its face, Plaintiff's Complaint does not plead any plausible claims for relief in connection with her Thirteenth and Fourteenth Causes of Action, and the Court should dismiss them on that basis.

### M. PLAINTIFF'S FIFTEENTH CLAIM FOR VIOLATION OF CFRA AND FMLA FAILS AS A MATTER OF LAW.

Plaintiff's Fifteenth Cause of Action for alleged violation of rights under the California Family Rights Act ("CFRA") and Family Medical Leave Act ("FMLA") also fails as a matter of law because it contains nothing more than conclusory and factually-devoid allegations. To that end, Plaintiff merely alleges the following conclusions:

- "Defendants violated the CFRA, FMLA, ADA, and FEHA by taking adverse actions against Plaintiff because she has taken and/or had requested to take leave." Complaint, ¶ 208;

- Plaintiff "believes and on that basis alleges that the leave she took was a factor in Defendants' election to take adverse employment action against her, including but not limited to: limiting the assignments she received, limiting her work schedule, and subjecting her to stricter scrutiny than others, and more severe punishment than others experienced." *Id.* at ¶ 210;

- "Plaintiff is informed and believes . . . that the acts of Defendants in criticizing Plaintiff's performed because she took leave . . . is an unlawful employment practice . . . because Defendants interfered with Plaintiff's rights." *Id.* at ¶ 213.

However, Plaintiff does not support any of the foregoing allegations with any *facts* that support a plausible claim that the Bank terminated Plaintiff *because* she requested a leave of absence, or that the Bank denied Plaintiff any requested leave. At most, it can be inferred from Plaintiff's allegations that the Bank terminated her employment while she was on a leave of absence (though she does not expressly allege that as a basis to establish a causal connection). But that fact alone does not even suggest the requisite causal link between her alleged pregnancy/medical condition and her termination. Indeed, the mere fact that Plaintiff was terminated while she was on a leave of absence does not plausibly suggest that her leave played any role in the decision to terminate her employment. *See Swonke v. Sprint Inc.*, 327 F.Supp.2d 1128, 1136 (N.D. Cal. Apr. 26, 2004) ("Plaintiff was on disability leave at the time of the lay-off, but this does not immunize him from termination.").

Moreover, Plaintiff's allegations that her assignments and work schedule were limited and she was subjected to stricter scrutiny and punishment *as a consequence of taking leave* are

inconsistent with her allegations in the Complaint that she was on long-term disability leave when her employment ended such that she would not have returned from her leave. Her allegations are therefore implausible, and the Court should dismiss Plaintiff's Fifteenth Cause of Action.

### N. PLAINTIFF'S SIXTEENTH, SEVENTEENTH AND EIGHTEENTH CLAIMS FOR INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND NEGLIGENCE FAIL AS A MATTER OF LAW.

#### 1. The Workers' Compensation Act Preempts These Claims.

Plaintiff's Sixteenth and Seventeenth Causes of Action, which allege intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED"), respectively, are barred as a matter of law by the exclusive remedy provision of the Workers' Compensation Act, Cal. Labor Code § 3602, et seq. ("WCA") and/or preempted by the California Labor Code.[12] Indeed, the exclusivity of the WCA bars claims for emotional distress in employment actions involving termination, demotions, and criticisms of work practices.[13] The alleged conduct here amounts to nothing more than comments and decisions that are "a normal part of the employment relationship." *Shoemaker*, 52 Cal.3d at 25. "Even if such conduct may be characterized as intentional, unfair or outrageous, it is nevertheless covered by the workers' compensation exclusivity provisions." *Id.* Likewise, Plaintiff's claim for negligence is also preempted by the California Labor Code pursuant to the New-Right Exclusive Remedy doctrine. *Spragin v. McDonald's USA, LLC*, 2011 WL 13217960, *2 (C.D. Cal. Jan. 20, 2011) (dismissing claims for negligence on grounds that it was preempted by the Labor Code).

#### 2. Plaintiff Has Failed To Plead Facts To State Claims For Relief.

Plaintiff's claims for IIED, NIED and negligence fail for the separate and independent

---

[12] *See, e.g., Miklosy v. Regents of Univ. of California*, 44 Cal.4th 876, 903 (2008) ("Accordingly, we conclude that plaintiff's causes of action for intentional infliction of emotional distress are barred by the workers' compensation exclusive remedy provisions."); *Rafieh v. Safeway Inc.*, 2017 WL 1479237, *3-4 (N.D. Cal. Apr. 25, 2017) (Lloyd, M.J.) (dismissing claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence on grounds that they were barred by the exclusive remedy provisions of the WCA).

[13] *See Shoemaker v. Myers*, 52 Cal.3d 1, 25 (1990) (holding that discipline and criticism are a normal part of the employment relationship and covered by the WCA's exclusivity provisions); *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal.3d 148, 159-60 (1987) (holding that supervisor's alleged "intentional, malicious and outrageous" conduct was covered by exclusivity of WCA).

reason that Plaintiff has not pled facts to support the necessary elements to state a cause of action.

First, Plaintiff has not alleged any extreme and outrageous conduct by anyone at the Bank to state a claim for IIED. To recover for IIED, an employer's actions must be shown to be "so extreme and outrageous as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Alcorn v. Anbro Eng'g, Inc.,* 2 Cal.3d 493, 499, n. 5 (1970). Disciplinary actions, including termination, however, do not constitute outrageous conduct, even if issued without cause, or if intentional or malicious.[14] In *Hughes v. Pair,* 46 Cal.4th 1035, 1051 (2009), the California Supreme Court stated: "Liability for [IIED] does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." (int. quot. marks omitted; cit. omitted). The California Supreme Court concluded that the defendant trustee's "inappropriate comments," which included "I'll get you on your knees eventually. I'm going to fuck you one way or another" "fall far short of conduct that is so 'outrageous' that it 'exceed[s] all bounds of that usually tolerated in a civilized community.'" *Id.* at 1040, 1051. Plaintiff's allegations amount to nothing more than innocuous work-related comments and what she subjectively perceived to be unfair managerial decisions by her unnamed supervisor. They do not rise to "extreme" and "outrageous" conduct sufficient to sustain a claim for IIED.

Second, Plaintiff's IIED claim fails on the additional ground that she has alleged only in the most conclusory fashion that there was any intent to cause her emotional distress. Indeed, Plaintiff has failed to allege any *facts* to suggest that her supervisor's conduct was in anyway calculated to cause her severe emotional distress or done with knowledge of a substantial certainty that Plaintiff would suffer severe emotional injury. *See Christensen v. Sup. Ct.,* 54 Cal.3d 868, 903, 906 (1991).

Third, none of the conduct Plaintiff alleges is sufficient as a matter of law to state claims for relief for NIED and negligence. Indeed, "[i]ntentional conduct, such as a termination decision, cannot logically support a claim for negligence." *Fragada v. United Airlines, Inc.,* 2017 WL 4586933, *9 (C.D. Cal. June 13, 2017); *see also Semore v. Pool,* 217 Cal.App.3d 1087, 1105

---

[14] *See Buscemi v. McDonnell Douglas Corp.,* 736 F.2d 1348, 1352 (9th Cir. 1984); *Trerice v. Blue Cross of Calif.,* 209 Cal.App.3d 878, 883 (1989); *Shoemaker,* 52 Cal.3d at 25.

(1990) (sustaining demurrer on grounds that "there was no duty not to discharge defendants and that any actions by the employer were intentional, not negligent").

Fourth, Plaintiff has not alleged any facts from which the Court can infer that she has suffered emotional distress that rises to a level sufficient to support claims for IIED or NIED.[15]

Finally, Plaintiff has failed to allege any facts establishing that the Bank's conduct was the actual and proximate cause of her alleged emotional distress. *See Trerice*, 209 Cal.App.3d at 883. Instead, Plaintiff offers only the conclusory allegation of a causal connection, which, in the absence of material facts, must be disregarded.

For all of the foregoing reasons, the Court should dismiss Plaintiff's Sixteenth, Seventeenth and Eighteenth Causes of Action.

### O. PLAINTIFF'S NINETEENTH CLAIM FOR INJUNCTIVE RELIEF FAILS AS A MATTER OF LAW BECAUSE SHE LACKS STANDING TO PURSUE SUCH RELIEF.

Plaintiff cannot establish that she will suffer any threat of real and immediate future harm because of the conduct alleged in Complaint to warrant injunctive relief because she no longer works for the Bank and does not allege that she intends to return to work for the Bank in the foreseeable future.[16] Accordingly, Plaintiff lacks standing to pursue her claim for injunctive relief, and the Court should dismiss it without leave to amend.[17]

### P. PLAINTIFF'S TWENTIETH CLAIM UNDER THE UCL FAILS AS A MATTER OF LAW.

Plaintiff's Twentieth Cause of Action for violation of the California Unfair Competition

---

[15] *See, e.g., Hughes*, 46 Cal.4th at 1051 (noting that "Discomfort, worry, anxiety, upset stomach, concern and agitation" as the result of defendant's conduct, do not constitute emotional distress of "such substantial quality or enduring quality" to support a claim for IIED).

[16] *See Cornelius v. L.A. Cnty. Etc. Auth.*, 49 Cal.App.4th 1761, 1768-69 (1996) (where a plaintiff seeks prospective injunctive relief, any threatened future injury must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"); *Clark v. Lakewood*, 259 F.3d 996, 1007 (9th Cir. 2001).

[17] *See, e.g., Walsh v. Nev. Dep't Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (holding that former employee lacked standing to pursue claims); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 986 (9th Cir. 2011) ("Plaintiffs not employed by Costco throughout this case do not have standing to seek injunctive relief."); *Richards v. Ernst & Young LLP*, 2010 WL 682314, *3 (N.D. Cal. Feb. 24, 2010) (Fogel, J.) ("[A] former employee lacks standing to seek prospective injunctive relief on behalf of a putative class containing both former and current employees.").

**DEFENDANT BANK OF AMERICA N.A.'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)**

Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"), fails as a matter of law because it is wholly derivative of Plaintiff's legally deficient claims and allegations that do not satisfy the pleading requirements of Rule 8, as discussed above.[18]  Therefore, the UCL claim should be dismissed.

Furthermore, to the extent Plaintiff seeks restitution of meal and rest break payments under Section 226.7, inaccurate wage statement penalties under Section 226 and/or waiting time penalties under Section 203, her claim fails because such payments and penalties are not subject to restitution under the UCL.[19]  Accordingly, the Court should dismiss or strike the UCL claim.

### Q. PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES IN CONNECTION WITH HER CLAIMS FOR MEAL AND REST BREAK VIOLATIONS SHOULD BE DISMISSED OR STRICKEN

Plaintiff requests attorneys' fees in connection with her Section 226.7 claims for meal and rest break violations in her Third Cause of Action.  *See* Complaint, ¶¶ 70-72.  However, Plaintiff's request for such fees should be stricken because the California Supreme Court has already held that attorneys' fees are not available for prevailing on a Section 226.7 claim.  *See Kirby v. Immoos Fire Protection, Inc.*, 53 Cal.4th 1244, 1259, 1254, 1256-57.

///

///

///

///

///

---

[18] *See Briosos v. Wells Fargo Bank*, 737 F.Supp.2d 1018, 1033 (N.D. Cal. 2010) (Beeler, J.) ("Because Plaintiff has failed to state claims for any underlying violation of state or federal law, he cannot proceed on his unfair competition law claim under § 17200.").

[19] *See Clark v. Sup. Ct.*, 50 Cal.4th 605, 610 (2010) (holding that under the UCL, "remedies are generally limited to injunctive relief and restitution"); *Parson v. Golden State FC, LLC*, 2016 WL 1734010, *6-7 (N.D. Cal. May 2, 2016) (dismissing UCL claims predicated on alleged violations of Section 226.7 on grounds that Section 226.7 payments "do not constitute restitution for the purposes of the UCL"); *Pineda v. Bank of America, N.A.*, 50 Cal.4th 1389, 1304 (2010) ("[S]ection 203 penalties cannot be recovered as restitution under the UCL); *Campbell v. PriceWaterhouseCoopers*, 2008 WL 3836972, *6 (E.D. Cal. Aug. 14, 2008) (penalties under Sections 203 and 226 were not cognizable under the UCL because the remedies afforded by those sections were penalties, not restitution); *In re Wal-Mart Stores, Inc.*, 505 F.Supp.2d 609, 619 (N.D. Cal. 2007) (Armstrong, J.) (same); *Rubin v. Wal-Mart Stores, Inc.*, 599 F.Supp.2d 1176, 1179 (N.D. Cal. 2009) (Armstrong, J.) (same).

## IV. CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court dismiss and/or strike portions of Plaintiff's Complaint as set forth herein.


DATED: March 16, 2018        **MᴄGᴜɪʀᴇWᴏᴏᴅs LLP**


By:         /s/ Sylvia J. Kim
                Michael D. Mandel, Esq.
          .    Sylvia J. Kim, Esq.

          Attorneys for Defendant
          Bank of America, N.A.

**DEFENDANT BANK OF AMERICA N.A.'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)**

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2018, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and service via transmittal of a Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 16, 2018 at Los Angeles, California.


_____
/s/ Sylvia J. Kim
Sylvia J. Kim

**DEFENDANT BANK OF AMERICA N.A.'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)**