**ILG Legal Office, P.C.**
Stephen Noel Ilg (SBN 275599)
Tracy T. Scanlan (SBN 253930)
Frank J. Zeccola (SBN 308875)
505 14th Street, Ninth Floor
Oakland, CA 94612
Tel:     (415)580-2574
Fax:     (415)735-3454
Email: silg@ilglegal.com
Email: tscanlan@ilglegal.com
Email: fzeccola@ilglegal.com

Attorneys for Plaintiff Arianna Suarez

**ILG Legal Office, P.C.**
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Arianna Suarez, on behalf of herself, all others similarly situated, and the general public,<br><br>               Plaintiffs,<br><br>        vs.<br><br>Bank of America Corporation, a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>            Defendants. | Case No. 18-cv-01202-MEJ<br><br>**CLASS ACTION AND INDIVIDUAL ACTION**<br><br>1. **FAILURE TO COMPENSATE FOR ALL HOURS WORKED** (Lab. Code §§ 200-204, 216, 223, 225.5, 500, 510, 558, 1197, 1194, 1198; IWC Wage Orders);<br>2. **FAILURE TO PAY MINIMUM WAGE** (Lab. Code §§ 223, 1194 *et seq.*);<br>3. **FAILURE TO PROVIDE MEAL AND REST PERIODS** (Lab. Code §§ 226.7, 512; IWC Wage Orders);<br>4. **[DELETED]**;<br>5. **FAILURE TO PAY PTO UPON TERMINATION** (Lab. Code §§ 201-202, 227.3);<br>6. **FAILURE TO PAY FINAL WAGES ON TIME** (Lab. Code §§ 201 *et seq.*);<br>7. **[DELETED]**;<br>8. **FAILURE TO FURNISH WAGE AND HOUR STATEMENTS** (Lab. Code §§ 226(e), 226.3);<br>9. **UNLAWFUL RETALIATION IN VIOLATION OF PUBLIC POLICY** (Lab. Code §§ 98.6, 232, 232.5, 1102.5; *Tameny v. Atlantic Richfield Company*);<br>10. **WRONGFUL TERMINATION IN** |

**ILG Legal Office, P.C.**
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

VIOLATION OF PUBLIC POLICY (*Tameny v. Atlantic Richfield Company*);
11. **DISCRIMINATION AND HARASSMENT** (Gov't. Code §§ 12940 *et seq.*);
12. **FAILURE TO PREVENT AND INVESTIGATE DISCRIMINATION AND HARASSMENT** (Gov't. Code §§ 12940 *et seq.*; *Tameny v. Atlantic Richfield Company*);
13. **FAILURE TO PROVIDE REASONABLE ACCOMMODATION** (Gov't. Code § 12940 *et seq.*);
14. **FAILURE TO ENGAGE IN INTERACTIVE PROCESS** (Gov't. Code § 12940 *et seq.*);
15. **VIOLATION OF CFRA/FMLA RIGHTS** (Gov't. Code § 12945.2; 29 CFR § 825.302);
16. **[DELETED]**;
17. **[DELETED]**;
18. **[DELETED]**;
19. **[DELETED]**;
20. **UNFAIR BUSINESS PRACTICES** (Bus. & Prof. Code §§ 17200 *et seq.*).

**JURY TRIAL DEMANDED**

This Complaint is brought by Plaintiff Arianna Suarez ("Plaintiff" and/or "Mr./Ms. Suarez") on behalf of herself, all others similarly situated, and the general public, against her former employers, Defendant Bank of America Corporation ("Bank of America"), and DOES 1-100, inclusive ("DOE Defendants") (collectively "Defendants"). Plaintiff hereby demands a jury trial on all causes of action. Plaintiff alleges the following:

## PLAINTIFF

1.      At all times material herein, Plaintiff Suarez was and is a competent adult and resident of the State of California, County of Alameda. Plaintiff began working for Defendants as an Assistant Manager in 2003. While working for Defendants, Plaintiff's job duties included but were not limited to: Opening and closing the banking center, coaching associates, handling customer complaints, and managing vault reserves.

## DEFENDANTS

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

2.     At all times material herein, Defendant Bank of America was and is a Delaware Corporation registered to do business in the State of California, including but not limited to conducting business within Alameda County, with its corporate headquarters located in Charlotte, North Carolina. Defendant Bank of America is in the Bank & Financial Holding industry. On information and belief, Defendant Bank of America performs consumer and financial banking services. At all relevant times alleged herein, Plaintiff is informed and believes that Defendant Bank of America is authorized to and does conduct business in the State of California in the Bank & Financial Holding industry, including but not necessarily limited to Alameda County, California.

3.     Plaintiff is informed and believes and, based thereon, alleges that, within the Class Period, Defendants conducted business within the Bank & Financial Holding industry. In so doing, there are hundreds, if not thousands, of individuals in recent years alone who qualify to participate as a Class Member in this action.

4.     The defendants identified as DOES 1 through 100, inclusive, were, at all times herein-mentioned, agents, business affiliates, successors- and/or predecessors-in-interest, officers, directors, partners, and/or managing agents of some or each of the remaining defendants. Plaintiff is informed and believes and, on that basis, alleges that, at all times herein-mentioned, each of the defendants identified as DOES 1 through 100, inclusive, employed, and/or exercised control over the conditions of Plaintiff and Class Members which led to the instant lawsuit and which are described herein. In doing the acts herein alleged, each Defendant is liable and responsible to Plaintiff and Class Members for the acts of every other Defendant. The true names and capacities of the DOE Defendants, whether individual, corporate, associate or otherwise, are unknown to Plaintiff who therefore sues such DOE Defendants by fictitious names pursuant to California Code of Civil Procedure section 474. Plaintiff is informed and believes that the DOE Defendants are residents of the State of California. Plaintiff will amend this complaint to show such DOE Defendants' true names and capacities when they are known.

5.     Plaintiff is informed and believes and thereon alleges that, unless otherwise indicated, each Defendant was the agent and/or employee of every other Defendant within the

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

1    course and scope of said agency and/or employment, with the knowledge and/or consent of said

2    Defendant.

3         6.    To the extent any allegation contradicts another allegation, they are to be construed

4    as "alternative" theories.

5                          **JURISDICTION AND VENUE**

6         7.    This Court is the proper Court, and this action is properly filed in the Superior

7    Court of California for the County of Alameda, because Defendant Bank of America transacts

8    business within this county at Albany, CA. Plaintiff and Class Members performed work for

9    Defendants and experienced the legal violations that are the subject of this Complaint in the

10   County of Alameda.

11        8.    This Court has jurisdiction over the Plaintiff's and Class Members' claims for

12   damages, interest thereon, related penalties, injunctive and other equitable relief, restitution of

13   ill-gotten benefits arising from Defendants' unlawful, unfair, and/or fraudulent business

14   practices, and attorneys' fees and costs pursuant to, *inter alia*., California Business and

15   Professions Code sections 17200-17208, and the statutes cited herein.

16                **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

17        9.    Defendants regularly and systematically do business in the State of California and

18   are subject to suit under the Fair Employment and Housing Act ("FEHA") in that Defendants

19   regularly employ five or more persons. Plaintiff timely filed a charge of discrimination, failure to

20   investigate discrimination and retaliation against Defendants with the California Department of

21   Fair Employment and Housing ("DFEH"). On January 10th, 2018, Plaintiff received a notice of

22   the right to sue from the DFEH pursuant to California Government Code section 12965(b).

23   Plaintiff filed this action within one year of the date of her DFEH right-to-sue letter(s); therefore,

24   administrative remedies have been properly exhausted.

25        10.   Plaintiff has completed all actions necessary to satisfy all applicable administrative

26   requirements then amend to add a claim pursuant to the Private Attorney General's Act, California

27   Labor Code sections 2698 *et seq.* More specifically, Plaintiff submitted a notice to the LWDA

28   regarding the details of the claims being sought. Plaintiff also sent a copy of the letter to Defendant

via certified mail. Finally, Plaintiff has submitted the required payment to the LWDA. Plaintiff is now waiting for the LWDA to respond or for the expiration of the time for the LWDA to respond.

11.    Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

12.    The California Workers' Compensation Act does not preempt this action because Defendants' unlawful practices, as alleged herein, are not risks or conditions of employment. Plaintiff is not required to satisfy any further private, administrative, or judicial prerequisites to the institution of this action, insofar as such prerequisites pertain to any of the remaining causes of action in this complaint.

## FACTS REGARDING PLAINTIFF'S INDIVIDUAL CAUSES OF ACTION

13.    Plaintiff began her employment with Defendants in 2003. At all times during her employment with Defendants, Plaintiff was performing her job duties satisfactorily and received positive performance reviews.

14.    Plaintiff was consistently denied the opportunity to take her lunch break or other rest breaks by her immediate supervisor managing her banking center. She was often reprimanded by her supervisor when she would attempt to take a break or use the restroom. She almost never received an uninterrupted meal period or rest break while working at the Albany banking center.

15.    When Plaintiff would try to indicate on her records that she had not been able to take a meal period for the day, her supervisor barred that indication. Subsequently, Plaintiff was never compensated in the form of a meal premium for missing her meal periods.

16.    In May of 2017, Plaintiff discovered that she was pregnant. In July of 2017, Plaintiff discovered that she had developed Gestational Diabetes in association with her pregnancy. This condition necessitated that she take breaks to check and regulate her blood glucose levels, often requiring the use of a glucose monitor as well as a light snack or meal to control sugar spikes and drops.

17.    Plaintiff was issued a doctor's note explaining that Plaintiff needed to take her meal periods and eat in order to regulate her blood sugar levels and passed that note along to Defendant in a timely manner.

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

18.    Defendant disregarded the doctor's note and continued its policy of denying Plaintiff meal periods and rest periods. Because of this policy, Plaintiff was often forced to interrupt business to check her blood glucose levels, in spaces with limited-to-no privacy. Consequently, co-workers and customers often witnessed Plaintiff drawing blood to check her blood glucose levels.

19.    After reporting her pregnancy, Plaintiff was frequently asked inappropriate questions about her health and her ability to continue working in a condescending manner. Plaintiff's supervisor asked questions about her future with the company, and once expressed that "this isn't the right banking center for you," to the Plaintiff.

20.    Multiple times, Plaintiff was forced to work overtime hours for which she was compensated, though she had no choice as to whether or not she took the overtime. Plaintiff complained about this policy because she had a son at home with a genetic illness that needed regular transfusions, requiring her to take her son to the doctor's office for treatment. When she requested time off for these instances, they were denied.

21.    In one instance, Plaintiff's son was rushed to the hospital for a transfusion and Plaintiff was barred from taking a personal or sick day to visit him. When Plaintiff complained that she had a right to visit her son and use her accrued paid time off, her supervisor became cross and told her she needed to stay to run the banking center.

22.    Unsatisfied, Plaintiff called her supervisor's supervisor to complain about Plaintiff's supervisor's policies of barring usage of paid time off. Plaintiff was allowed to go visit her son in the hospital on that day, but no further corrective or disciplinary action was taken with regard to Plaintiff's direct supervisor's policy of preventing paid time off usage.

23.    When Plaintiff returned to work, her supervisor reprimanded her for complaining above the supervisor's rank and was told to "never go over her head again."

24.    When Plaintiff went on maternity leave in August of 2017, she injured her back and transitioned to long-term disability leave which would last until February 2018.

25.    Plaintiff received a termination letter on September 29th, 2017 which was dated for September 27th, 2017. She received her final pay deposit on September 27th, 2017 in the amount

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574    Fax: (415) 735-3454

of $1,700. This did not reflect her unused sick leave, vacation time, and other paid time off to which she was entitled.

26.     Subsequently, Plaintiff no longer has access to medical benefits for herself, her newborn baby, or her son with the chronic genetic illness.

## FACTS REGARDING PLAINTIFF'S CLASS ACTION CAUSES OF ACTION

27.     All policies and practices described herein were in place at all of Defendants' business locations in California. As such, all members of the classes were subject to these same unlawful policies and practices in violation of California law. Plaintiff is informed and believes that Defendants knowingly engaged in the unlawful acts alleged herein, thereby enjoying a significant competitive edge over other companies within its industry. In many, if not all cases, these common practices have led to willful violations of California and federal law, entitling Plaintiff and Class Members to a recovery, pursuant to, *inter alia*, the statutes cited herein.

28.     Plaintiff and Class Members were not consistently authorized or permitted to take meal and rest breaks as required by California law. Pursuant to California law, an employee is entitled to one ten-minute rest period if required to work at least three and one-half hours, two ten-minute rest periods if required to work more than six hours, and three ten-minute rest periods if required to work more than ten hours. Pursuant to California law, an employee is entitled to one thirty-minute meal period if required to work at least five hours and two thirty-minute meal periods if required to work at least ten hours. Defendants did not consistently provide the meal and rest periods to which Plaintiff and Class Members were entitled because business needs took precedence, routinely interfering with their breaks. If Plaintiff or Class Members failed to address business needs at any time, including during breaks, they were subject to discipline, up to and including termination. Despite these policies and practices, Plaintiff alleges on information and belief that Defendants have not paid missed meal or rest period premiums to Plaintiff or Class Members. Defendants failed to provide meal and rest periods and failed to make premium payments to Plaintiff and Class Members for missed meal and rest breaks. Defendants' failure to record all breaks and failure to pay applicable premiums, resulted in part from Defendants' failure to record all hours worked. Defendants' failure to record all breaks and failure to pay applicable

-7-

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

premiums resulted in payroll records such as wage statements that were not accurate or legally compliant, in violation of California Labor Code sections 226 and/or 1174(d).

29.    Even after Plaintiff or Class Members were terminated or voluntarily resigned, Defendants refused to pay owed wages despite California Labor Code sections 201-204, inclusive. More than 30 days has passed since certain individuals left Defendants' employ, entitling those individuals to the maximum penalties.

*30.*    Plaintiff brings this action on behalf of herself and as a class action on behalf of the following Hourly Employee Class and Terminated Subclass:

> All non-exempt employees who worked for Bank of America as Assistant Manager or similar job titles, in the State of California at any time on or after the date that is four years prior to when the Complaint was filed.

> Terminated Subclass: All persons who are eligible for membership in the Class but who are no longer employed by Defendant.

Class Members can be identified through Defendants' records including employee timekeeping and payroll records.

31.    Defendants and their officers and directors are excluded from any class defined in the preceding paragraphs.

32.    This action has been brought and may properly be maintained as a class action under Federal Rules of Civil Procedure, Rule 23(b)(3) because it is a class action seeking damages where the defendant has allegedly injured all the class members in the same way. Class action treatment is appropriate because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable. The Class and subclass defined herein satisfy all class action requirements:

> a.    Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Classes are so numerous that joinder of all members is impractical, if not impossible, insofar as Plaintiff is informed and believes and, on that basis, alleges that the total number of Class Members is, at least, in the hundreds, if not thousands of individuals. Membership in the Classes will be determined by and upon analysis of records maintained by Defendants.

-8-

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

b.  <u>Commonality</u>: Plaintiff and Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

1)  Whether Defendants violated one or more of California's Wage Orders, the California Labor Code and/or California Business and Professions Code sections 17200 *et seq.* by failing to pay all wages due to Plaintiff and Class Members;

2)  Whether Defendants violated and/or continues to violate, California Labor Code section 1174 by failing to keep accurate records of Plaintiff's and Class Members' hours of work;

3)  Whether Defendants violated, and continues to violate California Labor Code sections 201-204 by failing to pay all wages due and owing at the time particular Class Members' employment with Defendants terminated;

4)  Whether Defendants violated California Labor Code section 227.3 by failing to pay Plaintiff and Class Members for the value of their accrued but unused PTO on termination;

5)  Whether Defendants violated and/or continues to violate California Labor Code section 226 by failing to provide semi-monthly itemized wage statements to Plaintiff and Class Members of total hours worked and all applicable hourly rates in effect during each relevant pay period.

c.  <u>Typicality</u>: Plaintiff's claims are typical of the claims of Class Members. Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of state law, as alleged herein.

d.  <u>Superiority of Class Action</u>: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

e.  <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Plaintiff Classes, in that Plaintiff's claims are typical of those of Class Members, and Plaintiff has the same interests in the litigation of this case as Class Members. Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel experienced in litigation of this nature. Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the class as a whole. Plaintiff anticipates no management difficulties in this litigation.

### SUPPLEMENTED FACTS REGARDING PLAINTIFF'S CAUSES OF ACTION

33.     (Relevant to, *inter alia*, 1st Claim for Failure to Compensate for All Hours Worked and 2nd Claim for Failure to Pay Minimum Wage) Plaintiff worked more than eight hours in a day and more than forty hours in a week. This happened on many occasions. For instance, in the last week of October 2015 and the first week of November 2015, Plaintiff worked more than eight hours in a day. For instance, Plaintiff arrived at 9:00 a.m. and clocked out at 7:00 p.m. or 7:30 p.m. During the same time, Plaintiff worked more than forty hours a week, working approximately forty-five hours per week. Plaintiff was working at the Albany Branch at the time. Managers were aware this was happening. Manager prohibited Plaintiff and Class Members from logging overtime hours. Plaintiff observed managers instructing employees not to log overtime: Managers sent emails stating that overtime was not allowed, Managers said the same at team meetings, Managers said the same during conference calls, and signs were posted in the restroom saying Overtime is prohibited unless approved in advance. Plaintiff's Branch Manager Vanessa Jerez-Lee told Plaintiff and other employees that overtime would not be permitted. During the last week of October 2015 and the first week of November 2015 for instance, Jerez-Lee stated that overtime must not be logged.

34.     (Relevant to, *inter alia*, 1st Claim for Failure to Compensate for All Hours Worked and 2nd Claim for Failure to Pay Minimum Wage) Plaintiff observed that her co-workers experienced the same legal violations. Plaintiff worked at six different Bank of America locations over the course of many years. Plaintiff's sister works at Bank of America as well. Plaintiff personally observed a fellow hourly employee, a male "RB" or Relationship Banker, performing work off-the-clock. Plaintiff and the Class Member had mandatory closing duties such as filing customer papers internally, closing the bank vault, searching the banking center to ensure no customer information was left out, locking and closing recycling bins, and waiting for other employees to finish their closing duties. During the last week of October 2015 and the first week of November 2015, Plaintiff was required to perform other duties at or beyond the eighth hour of work in a single day. Plaintiff had been told by Jerez-Lee that overtime was not allowed but also was required to complete her closing duties which included important checks to ensure the bank

-10-

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574    Fax: (415) 735-3454

was secure and safety checks to ensure customer privacy. Plaintiff was forced to perform closing duties off-the-clock. The Relationship Banker she worked with was also required to performing closing duties off-the-clock. Plaintiff told Jerez-Lee she did not have enough time perform all of her duties without working overtime hours, but Jerez-Lee allowed the situation to continue. Plaintiff and other Class Members were not paid anything for this time worked off-the-clock.

35.    (Relevant to, *inter alia*, 3rd Claim for Failure to Provide Meal and Rest Periods) Plaintiff and other Class Members worked more than five hours per shifts and, as such, were entitled to meal periods and rest periods. Plaintiff and Class Members were frequently denied timely meal periods and rest periods. For instance, in the last week of June 2015, the bank was understaffed as was often the case. Plaintiff was ordered to work as a teller during the entire shift. Plaintiff was told by Branch Manager Jerez-Lee that she could not take a break from serving as a teller unless someone took over for her. Nobody was available to cover for Plaintiff during the entire shift. Plaintiff personally observed the same thing happen to co-workers.

36.    (Relevant to, *inter alia*, 3rd Claim for Failure to Provide Meal and Rest Periods) Branch Manager Jerez-Lee interrupted meal and rest breaks. Jerez-Lee would ask Plaintiff to help customers with withdrawals and deposits (i.e., serve as a teller) during Plaintiff's breaks and also asked Plaintiff to enter the break room and tell a Class Member to come serve as a teller now. This happened at least once during the last week of June 2015. Plaintiff also was forced to start a meal break after five hours of work and a rest break after four hours of work because Jerez-Lee forced her to continue performing duties as a teller. These late breaks also happened at least once during the last week of June 2015. The late or missed meal breaks also occurred in the last pay period of July 2017 when Plaintiff and Class Members were told they could not start their breaks until others were available to cover for them.

37.    (Relevant to, *inter alia*, 1st Claim through 3rd Claim) Plaintiff has provided specific instances of the unpaid overtime, failure to provide minimum wage, failure to provide meal and rest periods (including interruptions to breaks) as examples only. These problems were not limited to Branch Manager Jerez-Lee or the Albany Branch, nor were these problems limited to the specific times identified.

38.    (Relevant to 5th Claim for Failure to Pay PTO Upon Termination) The PTO policy that provided for accrual and vesting of vacation PTO was located on Defendant's internal system which could be accessed at www.BankofAmerica.com/Associate. Plaintiff worked enough hours to accrue vested vacation Paid Time Off.  The amount accrued was available through the aformentioned website where the policy could also be found. After Plaintiff's termination, she received a paycheck but no paystub which may have been for accrued and vested PTO. Plainitff could not access her accrued and vested PTO data because she no longer had access to the aformentioned website. Moreover, Plaintiff did not have copies of documents that would reveal the amount of unpaid, accrued, vested vacation PTO because she previously accessed such information solely through the designated website which she could not access. Plaintiff intends to conduct discovery to obtain data to prove that she was not paid all accrued, vested, vacation PTO. At this time, Plaintiff states she believes she was not paid for all that had accrued and vested.

39.    (Relevant to 6th Claim for Failure to Pay Final Wages On time and 8th Claim for Failure to Provide Accurate Wage Statements) As stated above, Plaintiff and Class Members were required to work off-the-clock including performing closing duties at the end of the shift; they were not paid anything for this time. They worked more than eight hours in a day and more than forty in a week without being paid for overtime. They were not provided with meal periods in the first five hours of work or rest periods within the first four hours of work. Some breaks were interrupted. In some cases, they never received any break. As a result of these unpaid wages, Plaintiff and Class Members were not paid all wages at the time of termination. Defendant was aware these violations were occurring. The highest-level employee at the location, the Branch Manager, was told that Plaintiff and others were forced to work through breaks and to work without being paid properly for all hours worked. Thus, Defendant knowingly and intentionally failed to pay all wages owed. Defendant's failure to pay these wages was willful. Similarly, Defendant knowingly, intentionally, and willfully failed to provide accurate wage and hour statements. The highest-level employee at the bank location, the Branch Manager, knew about the legal violations that led to inaccurate wage statements issued to Plaintiff and Class Members. The wage statements were inaccurate because they did not include the correct number of hours worked

-12-

(due to unrecorded time detailed above) and did not include meal and rest period premiums for violations (as detailed above). Because the unrecorded hours and uncompensated break premiums were not listed on the wage statements, Plaintiff and Class Members could not determine if they were paid properly. They were injured in that they could not tell from the wage statement whether their pay was correct. There were many instances when these violations occurred, including the June 2015 and July 2017 examples listed above.

40.    (Relevant to, *inter alia*, 9th Claim for Unlawful Retaliation) Defendant retaliated against Plaintiff for complaining about legal violations (e.g., failure to provide timely meal and rest breaks, failure to pay for all hours worked, failure to pay overtime when due). Defendant retaliated against Plaintiff after Plaintiff disclosed information to a person of authority over the employee who had authority to investigate or correct the violation. For instance, Jerez-Lee treated Plaintiff adversely with respect to approving days off. Before Plaintiff complained about break violations, Jerez-Lee would approve requests for time off as a general matter and did not revoke this approval. Immediately after Plaintiff complained about break violations, the Branch Manager would refuse Plaintiff's requests for time off. In addition, the Branch Manager would approve days then revoke the approval approximately one to two days before the planned day off. Not only does the timing suggest that complaining about breaks was the reason for the change but also the Branch Manager refused to do anything about the break problems. Instead, the Branch Manager instructed Plaintiff and others that tasks such as teller services needed to be covered.

41.    (Relevant to, *inter alia*, 9th Claim for Unlawful Retaliation) Plaintiff was also retaliated against for resisting the request to participate in unlawful activity. Plaintiff understood that meal periods must be recorded. On certain occasions, Plaintiff was forced to skip meal breaks. Plaintiff's time card reflected the missed breaks; however, Plaintiff's Branch Manager refused to approve the timecard unless or until Plaintiff modified the cards to report that the breaks were taken. Plaintiff initially refused. Then, her manager stated she would not have her time card approved and, thus, would not get paid if she did not modify the time records. Finally, Plaintiff complied with her manager's instructions and altered the time card.

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

42.   (Relevant to, *inter alia*, 10th Claim for Wrongful Termination and 11th Claim for Discrimination and Harassment) Plaintiff was discriminated against because of her back injury and her pregnancy. When Plaintiff was pregnant and was feeling sick (before the company had been notified), her Branch Manager Jerez-Lee said, "You're not pregnant, right? Because if you're pregnant you won't be a good fit for this position." The conversation arose when Plaintiff reported having difficulty lifting a heavy box of coin. Soon thereafter, Plaintiff informed her Branch Manager she was, in fact, pregnant. The Branch Manager said Plaintiff should look into being transferred out of the position because the bank "needs someone more stable." Immediately after Plaintiff reported that she was pregnant, Plaintiff was treated differently. For instance, Plaintiff's job duties were changed so that she was performing fewer high-level functions. More specifically, before she announced her pregnancy, Plaintiff would perform operational checks such as reviewing reports and ensuring the proper paperwork and signatures were obtained for new bank accounts and credit applications. After Plaintiff announced she was pregnant, she was relegated to lower-level duties such as helping customers with deposits and withdrawals. The timing suggested causation; in addition, the Branch Manager stated Plaintiff was not fit to perform her current duties.  During Plaintiff's pregnancy leave, she injured her back. Accordingly, Plaintiff's leave of absence was extended based on the back injury. Plaintiff was informed that Aetna would call the Branch Manager to inform her of the change. Plaintiff alleges that a substantial motivating factor for her termination was her back injury. The back injury was severe enough it affected her movement and substantially impaired life functions such as challenges presented for sleeping and for lifting any heavy objects. Plaintiff's Branch Manager initially stated a pregnant person would not be fit for Plaintiff's job duties when Plaintiff reported that her back was hurting lifting heavy coin boxes. Plaintiff alleges she was terminated because of her back injury due to the Branch Manager's comments that a pregnant person would not be fit to perform Plaintiff duties.

43.   (Relevant to, *inter alia*, 10th Claim for Wrongful Termination and 11th Claim for Discrimination and Harassment) Plaintiff was harassed due to her disability including her diabetes (specifically gestational diabetes). This constitutes a disability because it limited major life activities including eating and sleeping. Plaintiff was harassed in that many times when Plaintiff

-14-

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574    Fax: (415) 735-3454

was in the restroom checking her insulin, her manager would ask what she was doing in there and would ask her to come help customers quickly. When Plaintiff was on the way to the restroom to check her blood sugar, her manager would say, "Can you wait?" This treatment was frequent, severe, and pervasive.

44.    (Relevant to, *inter alia*, 10th Claim for Wrongful Termination and 11th Claim for Discrimination and Harassment) The reason Defendant provided for Plaintiff's termination was that Plaintiff failed to inform MetLife that her leave of absence basis had changed from pregnancy to back injury. However, this reason is pretext.  Defendant instructed Plaintiff to work with Aetna regarding benefits during her leave of absence. Plaintiff did. When Plaintiff needed to change the underlying reason to back injury, she was told by Defendant she must work with MetLife instead of Aetna. However, Aetna called Plaintiff and said it could continue to handle the issue. Plaintiff completed a 3-way call with Aetna and MetLife during which Aetna explained to MetLife that Plaintiff was on an approved leave of absence; Aetna employee stated that papers would be sent to MetLife immediately after the 3-way call.  Then, Plaintiff got a letter from MetLife saying she was terminated. Because MetLife was aware of Plaintiff's leave of absence, Plaintiff contends the reason given for her termination is false.

45.    (Relevant to 12th Claim for Failure to Prevent and Investigate)  As detailed above, Plaintiff experienced discrimination and harassment because of her disability, including her back injury and pregnancy complications such as gestational diabetes. Plaintiff's manager was aware of the mistreatment and did not thing to prevent its recurrence or investigate its extent.

46.    (Relevant to 13th Claim for Failure to Provide Reasonable Accommodation and 14th Claim Failure to Engage in Interactive Process) Plaintiff requested two accommodations during her tenure based on a disability. First, for her gestational diabetes, Plaintiff informed her manager of the condition and requested that she be provided timely breaks to check her glucose and also that she be permitted to check her glucose a few minutes before and after lunch. Plaintiff's manager repeatedly interfered with Plaintiff's need. Plaintiff's manager would staff her as a teller and not allow her to take breaks unless there was another person to cover, but in some cases Plaintiff was the only teller available. Plaintiff's manager would frequently say, "Can you

-15-

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574    Fax: (415) 735-3454

wait?" when Plaintiff asked for a break. Plaintiff's manager never asked her how they could ensure Plaintiff's accommodation was respected.

47.     (Relevant to 13th Claim for Failure to Provide Reasonable Accommodation and 14th Claim Failure to Engage in Interactive Process) The second accommodation Plaintiff requested was to take a leave of absence. On October 20, 2016 Plaintiff's doctor ordered that she take a leave of absence because of her high-risk pregnancy. The doctor sent a letter to her manager. Plaintiff's manager nonetheless ordered Plaintiff to go to work on October 21, 2016 to check for any ongoing projects and to train someone else to cover her projects. Plaintiff worked from approximately 9:00 a.m. to 4:00 p.m. that day. Plaintiff's manager never asked her how they could ensure Plaintiff's accommodation was respected.

48.     (Relevant to 15th Claim for Violation of CFRA/FMLA) Defendant directly interfered with Plaintiff's proper requests for leave and retaliated against her for taking leave. On October 20, 2016 Plaintiff's doctor ordered that she take a leave of absence because of her high-risk pregnancy. The doctor sent a letter to her manager. Plaintiff's manager nonetheless ordered Plaintiff to go to work on October 21, 2016 to check for any ongoing projects and to train someone else to cover her projects. Plaintiff worked from approximately 9:00 a.m. to 4:00 p.m. that day. Thus, Defendant interfered with Plaintiff's taking of leave. Plaintiff had been working full-time hours for more than a year, and the company has hundreds if not thousands of employees in California alone.

49.     (Relevant to 15th Claim for Violation of CFRA/FMLA) Defendant retaliated against her for taking leave. For instance, Plaintiff needed to take a small amount of time off to care for her son's serious medical condition. After she returned from leave, she was scrutinized more severely as shown by performance reviews. This was evident in two ways. First, Plaintiff's performance was rated less positively after her leave than she had been prior to leave. Combined with the manager's comment that the branch wanted "someone more stable" and other comments, Plaintiff alleges Defendant was biased against her for taking leave. Second, Plaintiff happened to see a new employee's review. The employee had left his review on Plaintiff's desk. Not knowing what it was, Plaintiff read it. The male employee was rated as "Exceeds expectations" in several

-16-

**ILG Legal Office, P.C.**
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

categories even though he had only learned a few of the necessary tasks thus far while Plaintiff was rated as "Does not meet expectations" or "Meets expectations."

50.     (Relevant to Prayer for Relief's request for Injunctive Relief) Plaintiff alleges that, upon information and belief, the same classwide violations are occurring today—including but not limited to failure to provide meal and rest periods, failure to pay for all hours worked and failure to pay overtime when due, failure to pay final wages, and failure to provide accurate wage statements. There is a threat of imminent harm if injunctive relief is not provided.

### FIRST CLAIM
### FAILURE TO COMPENSATE FOR ALL HOURS WORKED
(Lab. Code §§ 200-204, 218, 223, 225.5, 226, 500, 510, 558, 1194, 1194.2, 1197, 1197.1, 1198)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

51.     Plaintiff incorporates in this claim each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

52.      Defendants were required to compensate Plaintiff and Class Members for all hours worked pursuant to the Industrial Welfare Commission Order 1-2001, California Code of Regulations, Title 8, Chapter 5, Section 11070 and Labor Code sections 200-204, 225.5, 500, 510, 558 1197, 1198.

53.     Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

54.     Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest.

55.     Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked.

56.     Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574    Fax: (415) 735-3454

57.    Labor Code section 223 provides, "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract.

58.    Plaintiff and Class Members routinely performed work "off-the-clock." Thus, Defendants are liable for an additional violation to the extent Defendants are in fact secretly paying less than the designated wage scale.

59.    As alleged throughout this Complaint, Defendants failed to track their hours worked and refused to compensate Plaintiff and Class Members for some and/or all of the wages (including overtime wages) earned, in violation of the applicable California Wage Order, Title 8 of the California Code of Regulations and the California Labor Code.

60.    At all relevant times, Defendants were aware of, and were under a duty to comply with the wage and overtime provisions of the California Labor Code, including, but not limited to California Labor Code sections 200-204, 216, 225.5, 500, 510, 558 1197, 1198. Plaintiff and Class Members are not exempt from the requirements of the Employment Laws and Regulations. Plaintiff and Class Members have been deprived of his/her/their rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Under California employment laws and regulations, Plaintiff and Class Members are entitled to recover compensation for all hours worked, in addition to reasonable attorney's fees and costs of suit.

61.    Labor Code section 216 provides, "In addition to any other penalty imposed by this article, any person, or an agent, manager, superintendent, or officer thereof is guilty of a misdemeanor, who: (a) Having the ability to pay, willfully refuses to pay wages due and payable after demand has been made.  (b) Falsely denies the amount or validity thereof, or that the same is due, with intent to secure for himself, his employer or other person, any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due."

62.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including loss of earnings for hours

-18-

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

worked, including overtime hours worked, on behalf of Defendants, in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

## SECOND CLAIM
### FAILURE TO PAY MINIMUM WAGE
### (Lab. Code §§ 223, 1194 *et seq.*)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

63.    Plaintiff incorporates in this claim each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

64.    At all relevant times, Defendants were aware of and were under a duty to comply with California Labor Code section 1194 *et seq.*

65.    California Labor Code section 1194(a) in relevant part provides:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

66.    Moreover, California Labor Code section 1197 provides:

The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

67.    Finally, California Labor Code section 1194.2(a) provides:

In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

68.    Labor Code section 223 provides, "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract. Plaintiff and Class Members routinely performed work "off-the-clock." Thus, Defendants are liable for an additional violation to the extent Defendants are in fact secretly paying less than the designated wage scale.

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

69.     During the Class Period, Defendants employed Plaintiff and Class Members, each of whom did not receive the applicable minimum wage for all hours worked on Defendants' behalf. Said non-payment was the direct and proximate result of a willful refusal to do so by Defendants.

70.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including loss of earnings for hours worked on behalf of Defendants, in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

### THIRD CLAIM
### FAILURE TO PROVIDE MEAL AND REST PERIODS
(Lab. Code §§ 226.7, 512; IWC Wage Orders)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

71.     Plaintiff incorporates in this claim each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

72.     At all relevant times, Defendants were aware of and were under a duty to comply with California Labor Code sections 226.7 and 512 and applicable sections of the IWC Wage Order.

73.     California Labor Code section 226.7 provides:

No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
….
If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

74.     Moreover, California Labor Code section 512 provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the

-20-

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

75.    Section 11 of the applicable Wage Order provides:

a.    No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes....

b.    An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes....

c.    If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

76.    Moreover, section 12 of the applicable Wage Order provides:

a.    Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof ....

b.    If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

77.    Defendants routinely required Plaintiff and Class Members to work at least three and one-half hours without a rest period of at least 10 minutes and failed to compensate the Plaintiff and Class Members for said missed rest periods, as required by California Labor Code sections 226.7 and Industrial Welfare Commission Wage Orders.

78.    Defendants routinely required Plaintiff and Class Members to work more than six hours without a second rest period of at least 10 minutes and failed to compensate Plaintiff and Class Members for said missed rest periods, as required by California Labor Code sections 226.7 and Industrial Welfare Commission Wage Orders.

79.    Defendants routinely required Plaintiff and Class Members to work more than ten hours without a third rest period of at least 10 minutes and failed to compensate the Plaintiff and

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

Class Members for said missed rest periods, as required by California Labor Code sections 226.7 and Industrial Welfare Commission Wage Orders.

80.    Defendants routinely required Plaintiff and Class Members to work more than five hours without a meal period of at least 30 minutes and failed to compensate the Plaintiff and Class Members for said missed meal periods, as required by California Labor Code sections 226.7 and 512, and Industrial Welfare Commission Wage Orders.

81.    Defendants routinely required Plaintiff and Class Members to work more than ten hours without a second meal period of at least 30 minutes and failed to compensate the Plaintiff and Class Members for said missed meal periods, as required by California Labor Code sections 226.7 and 512, and Industrial Welfare Commission Wage Orders.

82.    By requiring Plaintiff and Class members to attend to business and failing to consistently (1) provide meal breaks within the first five hours of a work shift, (2) provide uninterrupted thirty-minute meal periods, and/or (3) authorize and permit ten-minute rest periods to Class Members, Defendants violated the California Labor Code and sections 11 and 12 of the applicable IWC Wage Order.

83.    Even where Defendants' records specifically evidence that no meal and/or rest periods were provided to Plaintiff and Class Members, Defendants refuse to provide these employees with one hour of compensation for these respective violations as mandated by California law. Plaintiff is informed and believes and, on that basis, alleges that Defendants have never paid the one hour of compensation to any worker.

84.    Plaintiff and Class Members are not exempt from the meal and rest period requirements of the aforementioned Employment Laws and Regulations.

85.    Plaintiff and Class Members did not willfully waive, through mutual consent with Defendants, any such meal and rest periods.

86.    Defendants did not pay premium payments to Plaintiff or Class Members for missed meal periods. Similarly, Defendants did not pay premium payments to Plaintiff or Class Members for missed rest periods.

-22-

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

87.    Plaintiff and Class Members have been deprived of their rightfully earned compensation for rest periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff and Class Members are entitled to recover such amounts pursuant to California Labor Code section 226.7(b), plus interest thereon, and costs of suit.

88.    Plaintiff and Class Members have been deprived of their rightfully earned compensation for meal periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff and Class Members are entitled to recover such amounts pursuant to California Labor Code section 226.7(b), plus interest thereon, and costs of suit.

89.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, certain Class Members are entitled to recover "waiting time" and other penalties, in an amount to be established at trial, costs, and restitution, pursuant to statute.

### FOURTH CLAIM
### [DELETED]

### FIFTH CLAIM
### FAILURE TO PAY PTO ON TERMINATION
(Lab. Code §§ 201-203, 227.3)
(*On behalf of Plaintiff as an individual against all Defendants*)

90.    Plaintiff incorporates in this claim each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

91.    Once an employee accrues vacation time, that time is treated as compensation and cannot be forfeited without compensation. Pursuant to California Labor Code section 227.3, accrued but unused vacation time constitutes "wages" that must be paid to the employee at the employee's regular rate of pay at the time of termination. An employer may not adopt policies that require forfeiture of vested vacation time without compensation.

92.    Defendants' Paid Time Off ("PTO") policy constituted a vacation time policy subject to Labor Code section 227.3.

93.    Plaintiff had accrued but unused vacation time upon her termination from

-23-

**ILG Legal Office, P.C.**
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

employment with Defendants, but Defendants failed and refused to pay Plaintiff and Class Members for the value of that time upon termination. Accordingly, Defendants violated California Labor Code provisions including, but not limited to, sections 201, 202 and 227.3.

94.     Plaintiff and Class Members are entitled to recover unpaid wages for all unused vacation time and other applicable provisions of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

95.     At all relevant times herein, Defendants failed to implement a policy and practice to pay Plaintiff and Class Members accrued wages and other compensation due immediately upon termination or within seventy-two hours of resignation, as required by the California Labor Code. As a result, Plaintiff and severed Class Members were not paid all compensation due immediately upon termination or within seventy-two hours of resignation, as required by the California Labor Code.

96.     Plaintiff and Class Members are not exempt from these requirements of the Employment Laws and Regulations.

97.     Based on Defendants' conduct as alleged herein, Defendants are liable for statutory penalties pursuant to California Labor Code section 203 and other applicable provision of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

### SIXTH CLAIM
### FAILURE TO PAY FINAL WAGES ON TIME
(Lab. Code §§ 201-204)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

98.     Plaintiff incorporates in this claim each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

99.     California Labor Code section 201 provides that all earned and unpaid wages of an employee who is discharged are due and payable immediately at the time of discharge. Section 202 provides that all earned and unpaid wages of an employee who resigns are due and payable immediately if the employee provided at least seventy-two hours' notice; otherwise, wages of an employee who resigns are due within seventy-two hours of resignation.

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

100.    At all relevant times herein, Defendants failed to implement a policy and practice to pay Plaintiff and Class Members accrued wages and other compensation due immediately upon termination or within seventy-two hours of resignation, as required by the California Labor Code. As a result, Class Members whose employment has ended have not been paid all compensation due immediately upon termination or within seventy-two hours of resignation, as required by the California Labor Code.

101.    Defendant willfully failed to pay all final wages on time.

102.    Defendants willfully failed to pay all final wages to involuntarily terminated employees at the time of discharge even though California Labor Code section 201 requires that employers provide immediate payment of all final wages at the time of termination.

103.    Defendants willfully failed to pay all final wages on time to employees who voluntarily resigned. Defendants were made aware of each terminated employee's preference with respect to an election of whether to receive final wages by tender in person or by delivery. Those who elected to receive tender in person were present at the workplace to collect payment. Accordingly, California Labor Code section 202 has been satisfied.

104.    Plaintiff and Class Members are not exempt from these requirements of the Employment Laws and Regulations.

105.    Based on Defendants' conduct as alleged herein, Defendants are liable for statutory penalties pursuant to California Labor Code section 203 and other applicable provision of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

## SEVENTH CLAIM
### [DELETED]

## EIGHTH CLAIM
### FAILURE TO FURNISH WAGE AND HOUR STATEMENTS
(Lab. Code §§ 226(e), 226.3)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

106.    Plaintiff incorporates in this claim each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

107.    California Labor Code section 226(a) provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his/her/their employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his/her/their social security number, except that by January 1, 2008, only the last four digits of his/her/their social security number or an employee identification number other than a social security number may be shown on an itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

108.    California Labor Code section 226(e)(1) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

109.    California Labor Code section 226(e)(2) provides:

(A) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement.
(B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:
(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized

*Suarez v. Bank of America Corporation*
Complaint

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).

(ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a).

(iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period.

(iv) The name of the employee and only the last four digits of his/her/their social security number or an employee identification number other than a social security number.

110.    California Labor Code section 1174(d) provides:

Every person employing labor in this state shall . . . [k]eep, at a central location in the state . . . payroll records showing the hours worked daily by and the wages paid to . . . employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned.

111.    Defendants knowingly failed to provide Plaintiff and Class Members with timely and accurate wage and hour statements showing the inclusive dates of the pay period, gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing them, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked at each hourly rate. Plaintiff and Class Members in fact never received accurate wage statements at all, as Defendants did not employ a timekeeping system that actually tracked all hours their workers worked.

112.    Plaintiff and Class Members were injured by Defendants' failure to provide accurate wage statements, because, as alleged above, Plaintiff and Class Members could not determine whether they were paid properly and/or did not receive pay for all hours worked, and thus suffered monetary damages due to Defendants' policies described above.

113.    Plaintiff and Class Members are not exempt from the requirements of the Employment Laws and Regulations.

114.    Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to California Labor Code section 226, and other applicable

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574    Fax: (415) 735-3454

provisions of the Employment Laws and Regulations and other applicable provisions of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

### NINTH CLAIM
### UNLAWFUL RETALIATION IN VIOLATION OF PUBLIC POLICY
(Lab. Code §§ 98.6, 230, 232, 232.5, 1102.5; *Tameny v. Atlantic Richfield Company*)
(*On behalf of Plaintiff as an individual against all Defendants*)

115.    Plaintiff incorporates in this claim each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

116.    Jurisdiction is invoked in this court pursuant to the public policy and common law of the State of California, pursuant to *Tameny v. Atlantic Richfield Company,* 27 Cal. 3d 167 (1980).

117.    Under California law, there is a fundamental and well-established public policy against discrimination, harassment or retaliation based on the fact that the employee has a protected characteristic or engaged in a protected activity. Said public policy is embodied in the Constitution of the State of California and California Labor Code sections 98.6, 232.5 and other sections of the Labor Code. Adverse employment actions taken by an employer motivated by the fact that an employee has a protected characteristic are contrary to said public policy and are thus actionable under the common law of this state.

118.    California Labor Code sections 98.6 provides, "(a) A person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter [i.e. Labor Code §§ 79-107], including the conduct described in subdivision (k) of section 96, and Chapter 5 [i.e. Labor Code §§ 1101-1106] (commencing with section 1101) of Part 3 of Division 2, …or because of the exercise by the employee or applicant for employment on behalf of himself, herself, or others of any rights afforded him or her." Any person whose rights are violated according to Labor Code section 98.6(a) "shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by those acts of the employer." Lab. Code § 98.6(b)(1).

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

119.    "In addition to other remedies available, an employer who violates this section is liable for a civil penalty not exceeding ten thousand dollars ($10,000) per employee for each violation of this section, to be awarded to the employee or employees who suffered the violation." Lab. Code § 98.6(b)(3).

120.

121.    Defendant violated Section 98.6 in that she was discriminated against after complaining about legal violations.

122.    The Pregnancy Disability Leave Law ("PDLL") codified by California Government Code section 12945, provides that is shall be unlawful "for an employer to refuse to allow a female employee disabled by pregnancy, childbirth, or a related medical condition to take a leave for a reasonable period of time not to exceed four months and thereafter return to work, as set forth in the commission's regulations."

123.    Defendants were "employers" under the PDLL because they employ five or more people. California Department of Fair Employment and Housing, *Pregnancy Disability Leave FAQs,* http://www.dfeh.ca.gov/resources/frequently-asked-questions/employmentfaqs/pregnancy-disability-leave-faqs/ (last visited Jan. 19, 2017).

124.    Government Code section 12940(m)(2) provides that it is an unlawful employment practice "[f]or an employer or other entity covered by this part to, in addition to the employee protections provided pursuant to subdivision (h), retaliate or otherwise discriminate against a person for requesting accommodation under this subdivision, regardless of whether the request was granted."

125.    Defendants violated Labor Code section 1102.5(b) in that they retaliated against Plaintiff after Plaintiff disclosed information to a person of authority over the employee who had authority to investigate or correct the violation. For instance, Jerez-Lee treated Plaintiff adversely with respect to approving days off. Before Plaintiff complained about break violations, Jerez-Lee would approve requests for time off as a general matter and did not revoke this approval. Immediately after Plaintiff complained about break violations, the Branch Manager would refuse Plaintiff's requests for time off. In addition, the Branch Manager would approve days then revoke

-29-

**ILG Legal Office, P.C.**

555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

the approval approximately one to two days before the planned day off. Not only does the timing suggest that complaining about breaks was the reason for the change but also the Branch Manager refused to do anything about the break problems. Instead, the Branch Manager instructed Plaintiff and others that tasks such as teller services needed to be covered.

126.    Defendants terminated Plaintiff's employment in violation of public policy. Defendants retaliated against Plaintiff because Plaintiff has a protected characteristic and/or engaged in protected activity.

127.    Plaintiff is informed and believes and, based thereon, alleges that Defendants' conduct, as described herein, was substantially motivated by Plaintiff's opposition to and/or reporting of the actual and/or perceived violations described herein.

128.    Plaintiff is informed and believes and, based thereon, alleges that all Defendants, including the Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this claim.

129.    The conduct of Defendants described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

130.    As a proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer, substantial losses incurred in seeking substitute employment and in earnings, bonuses, deferred compensation, stock options, and other employment benefits; and has suffered, and continues to suffer, emotional distress in an amount according to proof at the time of trial.

131.    Defendants, through their officers, managing agents, and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial, as well as attorneys' fees and costs, pursuant to statute.

### TENTH CLAIM
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
(*Tameny v. Atlantic Richfield Company*)
(*On behalf of Plaintiff as an individual against all Defendants*)

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

132.    Plaintiff incorporates in this claim each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

133.    Jurisdiction is invoked in this court pursuant to the public policy and common law of the State of California, pursuant to *Tameny v. Atlantic Richfield Company,* 27 Cal. 3d 167 (1980).

134.    Defendants terminated Plaintiff's employment based upon Plaintiff having a protected characteristic and/or engaging in a protected activity, as alleged herein.

135.    Plaintiff is informed and believes and, based thereon, alleges that Defendants' conduct, as described herein, was substantially motivated by Plaintiff having a protected characteristic and/or engaging in a protected activity, as alleged herein.

136.    Plaintiff is informed and believes and, based thereon, alleges that all Defendants, including the Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this claim.

137.    The conduct of Defendants described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

138.    As a proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer, substantial losses incurred in seeking substitute employment and in earnings, bonuses, deferred compensation, stock options, and other employment benefits; and has suffered, and continues to suffer, emotional distress in an amount according to proof at the time of trial.

139.    Defendants, through their officers, managing agents, and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial, as well as attorneys' fees and costs, pursuant to statute.

## ELEVENTH CLAIM
## DISCRIMINATION AND HARASSMENT
(California Gov't Code §§12940 *et seq.*; *Tameny v. Atlantic Richfield Company*)
(*On behalf of Plaintiff as an individual against all Defendants*)

140.    Plaintiff incorporates in this claim each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

141.    At all times mentioned herein, Defendants were employers within the meaning of the California Fair Employment and Housing Act (Cal. Govt. Code §§ 12940 *et seq.*) ("FEHA") and Plaintiff was an employee within the meaning of FEHA. This claim is brought pursuant to FEHA, and the corresponding regulations promulgated by the California Department of Fair Employment and Housing. Defendants regularly and systematically do business in the State of California and is subject to suit under FEHA in that Defendants regularly employed five or more persons.

142.    Under FEHA and the common law of the State of California, there is a fundamental and well-established public policy against discrimination, harassment or retaliation based on the fact that the employee has a protected characteristic. It is an unlawful employment practice to take any adverse employment action motivated by the fact that an employee has a protected characteristic. This public policy is embodied in the Constitution of the State of California and California Statutory law, including but not limited to Government Code section 12940. Jurisdiction is invoked in this court pursuant to FEHA and the public policy and common law of the State of California, pursuant to *Tameny v. Atlantic Richfield* Company, 27 Cal. 3d 167 (1980) and *Rojo v. Kliger,* 52 Cal. 3d 65(1990).

143.    An "employer" includes "any person regularly employing one or more persons or regularly receiving the services of one or more persons providing services pursuant to a contract, or any person acting as an agent of an employer, directly or indirectly, the state, or any political or civil subdivision of the state, and cities." Gov't Code § 12940(j)(4).

144.    With respect to discrimination, California Government Code section 12940(a) provides that it is an unlawful employment practice:

> For an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to

-32-

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

discriminate against the person in compensation or in terms, conditions, or privileges of employment.

145.    With respect to harassment, California Government Code section 12940(j)(1) provides:

For an employer, labor organization, employment agency, apprenticeship training program or any training program leading to employment, or any other person, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status, to harass an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract. Harassment of an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action. An employer may also be responsible for the acts of nonemployees, with respect to sexual harassment of employees, applicants, unpaid interns or volunteers, or persons providing services pursuant to a contract in the workplace, where the employer, or its agents or supervisors, knows or should have known of the conduct and fails to take immediate and appropriate corrective action. In reviewing cases involving the acts of nonemployees, the extent of the employer's control and any other legal responsibility that the employer may have with respect to the conduct of those nonemployees shall be considered. An entity shall take all reasonable steps to prevent harassment from occurring. Loss of tangible job benefits shall not be necessary in order to establish harassment.

This is a claim for relief arising from Defendants' causing, and its failure to prevent, pregnancy discrimination and harassment against Plaintiff.

146.    According to California Code of Regulations Title 2, section 11029(b) states:
The purpose of the laws against discrimination and harassment in employment because of sex is to eliminate the means by which individuals, by virtue of their sex, gender identity, or gender expression, are treated differently, paid less, treated adversely based on stereotyping, subjected to conduct of a sexual nature, subjected to hostile work environments, or made to suffer other forms of adverse action, and to guarantee that in the future equal employment benefits will be afforded regardless of the individual's sex

147.    According to California Government Code section 12926(r)(1)(A), "sex" discrimination includes discrimination based on "[p]regnancy or medical conditions related to pregnancy."

148.    As alleged above, Plaintiff was entitled to protection under FEHA because Plaintiff is an employee who has a protected characteristic.

-33-

149.    As such, Plaintiff was entitled to FEHA's protection pursuant to California Government Code sections 12940 *et seq.*

150.    Defendants were aware that Plaintiff was an employee who has a protected characteristic.

151.    Pursuant to California Government Code section 12940(a), Defendants were prohibited from taking any adverse employment action motivated by the fact that an employee has a protected characteristic.

152.    At all times mentioned herein, Plaintiff was qualified for the position she held and was performing competently in the position. Furthermore, Plaintiff was willing and able to perform the duties and essential functions of her position with or without a reasonable accommodation.

153.    Defendants' discriminatory and harassing actions against Plaintiff, as alleged above, including her termination of employment, constituted unlawful discrimination in employment on account of the fact that Plaintiff was an employee that has a protected characteristic, in violation of California Government Code section 12940.

154.    Plaintiff is informed and believes and, based thereon, alleges that Defendants' conduct, as described herein, was substantially motivated by the fact that Plaintiff has a protected characteristic.

155.    Plaintiff is informed and believes and, based thereon, alleges that all Defendants, including the Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this claim.

156.    As a direct and proximate result of the actions of Defendants, including the discrimination and harassment against Plaintiff as described herein, Plaintiff has suffered and will continue to suffer pain and extreme and severe mental anguish and emotional distress. Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits. Accordingly, Plaintiff is entitled to general compensatory damages in amounts to be proven at trial.

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

157.    By discriminating against and harassing Plaintiff in violation of Government Code section 12940, Defendants acted willfully, oppressively, maliciously and with conscious disregard for Plaintiff's rights, and with the intent to annoy, harass or injure Plaintiff, in violation of California Civil Code section 3294, such that Plaintiff is entitled to recovery of punitive damages in an amount according to proof at trial.

158.    Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

159.    Plaintiff seeks her attorneys' fees and costs pursuant to California Government Code section 12965(b).

### TWELFTH CLAIM
### FAILURE TO PREVENT AND INVESTIGATE
### DISCRIMINATION AND HARASSMENT
(Gov't. Code § 12940 *et seq.*; *Tameny v. Atlantic Richfield Company*)
(*On behalf of Plaintiff as an individual against all Defendants*)

160.    Plaintiff incorporates in this claim each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

161.    Under California law, there is a fundamental and well-established public policy against taking any adverse employment action motivated by the fact that an employee has a protected characteristic.

162.    Under the Fair Employment and Housing Act ("FEHA"), it is an unlawful employment practice to take any adverse employment action motivated by the fact that an employee has a protected characteristic. Said public policy is embodied in the Constitution of the State of California and California Statutory law, including but not limited to Gov't. Code § 12940. Jurisdiction is invoked in this court pursuant to FEHA and the public policy and common law of the State of California, pursuant to *Tameny v. Atlantic Richfield* Company, 27 Cal. 3d 167 (1980) and *Rojo v. Kliger,* 52 Cal. 3d 65 (1990).

163.    As alleged above, Plaintiff was entitled to protection under FEHA based on the fact that Plaintiff is an employee who has a protected characteristic.

-35-

164.    As such, Plaintiff was entitled to FEHA's protection pursuant to California Government Code section 12940 *et seq.*

165.    Defendants were aware that Plaintiff was an employee who has a protected characteristic.

166.    At all times mentioned herein, Defendants were employers within the meaning of FEHA and Plaintiff was an employee within the meaning of FEHA. This claim is brought pursuant to FEHA, and the corresponding regulations promulgated by the California Department of Fair Employment and Housing. Defendants regularly and systematically do business in the State of California and is subject to suit under FEHA in that Defendants regularly employed five or more persons.

167.    Under FEHA, including California Government Code section 12940(k), and the common law of the State of California, Defendants owe to Plaintiff a duty to take all reasonable steps necessary to investigate or prevent harassment and discrimination.

168.    California Government Code section 12940(j)(1) provides that it is an unlawful employment practice:

> For an employer, … or any other person, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status, to harass an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract. Harassment of an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action. An employer may also be responsible for the acts of nonemployees, with respect to sexual harassment of employees, applicants, unpaid interns or volunteers, or persons providing services pursuant to a contract in the workplace, where the employer, or its agents or supervisors, knows or should have known of the conduct and fails to take immediate and appropriate corrective action. In reviewing cases involving the acts of nonemployees, the extent of the employer's control and any other legal responsibility that the employer may have with respect to the conduct of those nonemployees shall be considered. An entity shall take all reasonable steps to prevent harassment from occurring. Loss of tangible job benefits shall not be necessary in order to establish harassment.

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

*Suarez v. Bank of America Corporation*
Complaint

169.    Plaintiff complained about the harassment and discrimination to one of Plaintiff's managers. Nonetheless, Defendants did not investigate Plaintiff's complaints or take action to stop the harassment and discrimination.

170.    Despite Defendants' knowledge of Plaintiff's complaints, Defendants failed to take immediate and appropriate corrective action to prevent discrimination, retaliation, and harassment. Defendants similarly failed to take all reasonable steps to prevent discrimination from occurring.

171.    Defendants knew or should have known about the discrimination and harassment against Plaintiff. Defendants failed to take immediate and appropriate corrective action to prevent discrimination, retaliation, and harassment. Defendants similarly failed to take all reasonable steps to prevent discrimination from occurring.

172.    On information and belief, Defendants do not provide adequate anti-discrimination training to their workforce, which results in unlawful discrimination, unlawful harassment, unlawful retaliation and related violations against Plaintiff.

173.    Because of Defendants' failure to prevent and investigate harassment and discrimination, Plaintiff suffered adverse employment actions, including termination of employment.

174.    Plaintiff is informed and believes and thereon alleges that, as a direct and proximate result of Defendants' willful, knowing, and intentional wrongful conduct, Plaintiff has suffered and continues to suffer damages in an amount subject to proof, but which are in excess of the jurisdictional minimum of this Court, and which include, but are not limited to, mental distress, anguish, indignation, humiliation, depression, anxiety, fear, loss of sleep, loss of appetite, and body-aches. Plaintiff has also suffered from a loss of earnings, other employment benefits and job opportunities, accrued but unpaid salary bonuses and benefits (including pre-judgment interest thereon), front pay, back pay, severance pay, and other monetary damages. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

175.    Plaintiff seeks attorneys' fees and costs pursuant to California Government Code section 12965(b).

-37-

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

176.     Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

## THIRTEENTH CLAIM
### FAILURE TO PROVIDE REASONABLE ACCOMMODATION
(Gov't. Code §§ 12940 *et seq.*)
(*On behalf of Plaintiff as an individual against all Defendants*)

177.     Plaintiff incorporates in this claim each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

178.     California Government Code section 12940(m)(1) provides that it shall be unlawful "[f]or an employer or other entity covered by this part to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee."

179.     As alleged above, and at all relevant times hereto, Plaintiff has suffered from a disability pursuant to California Government Code sections 12940 *et seq.*

180.     Defendants were aware of Plaintiff's disability.

181.     Defendants failed to provide reasonable accommodations with respect to Plaintiff's needs based on her disability.

182.     At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of her position if Defendant had provided reasonable accommodations. Defendants could have provided reasonable accommodations for Plaintiff's disability without causing any danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendants' business.

183.     As a result of Defendants' acts and omissions alleged above, Plaintiff suffered injuries and damages in an amount according to proof at trial.

184.     As a proximate result of Defendants' wrongful conduct, Plaintiff was caused to suffer, and continues to suffer, damages in an amount subject to proof, but which are in excess of the jurisdictional minimum of this Court, and which include, but are not limited to, humiliation, anxiety, severe emotional distress, worry, fear, front pay, back pay, severance pay, and the like.

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

185.    By discriminating against Plaintiff and refusing to provide her reasonable accommodations in violation of Government Code section 12940(m), Defendants acted willfully, oppressively, maliciously and with conscious disregard for Plaintiff's rights, and with the intent to annoy, harass or injure Plaintiff, in violation of California Civil Code section 3294, such that Plaintiff is entitled to recovery of punitive damages in an amount according to proof at trial.

186.    Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

187.    Plaintiff seeks her attorneys' fees and costs pursuant to California Government Code section 12965(b).

## FOURTEENTH CLAIM
## FAILURE TO ENGAGE IN INTERACTIVE PROCESS
(Gov't. Code §§ 12940 *et seq.*)
(*On behalf of Plaintiff as an individual against all Defendants*)

188.    Plaintiff incorporates in this claim each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

189.    Government Code section 12940(n) provides that it is unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any.

190.    Plaintiff was entitled to Fair Employment and Housing Act ("FEHA")'s protection pursuant to California Government Code sections 12940 *et seq.* because Plaintiff has a disability.

191.    Defendants were aware that Plaintiff had a disability.

192.    Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's disability, if any.

193.    As a result of Defendants' acts and omissions alleged above, Plaintiff suffered injuries and damages in an amount according to proof at trial.

194.    As a proximate result of Defendants' wrongful conduct, Plaintiff was caused to suffer, and continues to suffer, damages in an amount subject to proof, but which are in excess of the jurisdictional minimum of this Court, and which include, but are not limited to, humiliation,

-39-

**ILG Legal Office, P.C.**
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

anxiety, severe emotional distress, worry, fear, accrued but unpaid salary bonuses and benefits (including pre-judgment interest thereon), front pay, back pay, severance pay, and the like.

195.    By failing to engage in the interactive process in violation of Government Code section 12940(n), Defendants acted willfully, oppressively, maliciously and with conscious disregard for Plaintiff's rights, and with the intent to annoy, harass or injure Plaintiff, in violation of California Civil Code section 3294, such that Plaintiff is entitled to recovery of punitive damages in an amount according to proof at trial.

196.    Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

197.    Plaintiff seeks her attorneys' fees and costs pursuant to California Government Code section 12965(b).

### FIFTEENTH CLAIM
### VIOLATION OF CFRA/FMLA RIGHTS
(Gov't. Code § 12945.2; 29 CFR § 825.302)
(*On behalf of Plaintiff as an individual against all Defendants*)

198.    Plaintiff incorporates in this claim each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

199.    Defendants interfered with Plaintiff taking leave and/or retaliated against and discriminated against Plaintiff for exercising the right to leave.

200.    Under the Fair Employment and Housing Act ("FEHA"), the Americans with Disabilities Act ("ADA") the California Family Rights Act ("CFRA"), the Family Medical Leave Act ("FMLA"), and the common law of the State of California, it is an unlawful employment practice to discriminate against employees for exercising their right to take leave. Jurisdiction is invoked in this court pursuant to FEHA and the public policy and common law of the State of California, pursuant to the case of *Tameny v. Atlantic Richfield* Company, 27 Cal. 3d 167 (1980). Pursuant to FEHA and the common law, Defendants owe Plaintiff the duty not to discriminate

against or harass her in the terms and conditions of her employment due to the fact that Plaintiff took leave.

201.    At all times referenced herein, Government Code section 12945.2 was in full force and effect and was binding upon Defendants. Said section required Defendants, their employees and agents, to avoid discriminating against, harassing, or discharging or interfering with Plaintiff's career as Defendants' employee because Plaintiff exercised the right to take leave under the CFRA and/or the FMLA. This triggered rights protected by the CFRA by putting Defendants on specific notice that Plaintiff had a proper basis for, and a need to, take leave.

202.    "It is a familiar canon of statutory construction that remedial regulations, such as the FMLA, should be construed broadly to effectuate its purposes." *Hodgens v. Gen. Dynamics, Corp*., 144 F.3d 151, 1064 (1st Cir.1998) "The fundamental purpose of the FMLA," the court continued, "is to entitle employees to take reasonable leave for medical reasons, ... [and] to help working men and women balance the conflicting demands of work and personal life." *Id.* (citing 29 U.S.C. § 2601 and *Price v. City of Fort Wayne*, 117 F.3d 1022, 1024 (7th Cir.1997)).

203.    Obviously, advance notice of unforeseeable leave is neither possible nor required. 29 CFR 825.303 (a) provides:

> When the approximate timing of the need for leave is not foreseeable, an employee should give notice to the employer of the need for FMLA leave as soon as practicable under the facts and circumstances of the particular case. It is expected that an employee will give notice to the employer within no more than one or two working days of learning of the need for leave, except in extraordinary circumstances where such notice is not feasible. In the case of a medical emergency requiring leave because of an employee's own serious health condition or to care for a family member with a serious health condition, written advance notice pursuant to an employer's internal rules and procedures may not be required when FMLA leave is involved.

204.    Although a defendant may require an employee to follow its own internal policies, like filling out Leave of Absence paperwork, "failure to follow such internal employer procedures will not permit an employer to disallow or delay an employee's taking FMLA leave if the employee gives timely verbal or other notice." 29 CFR § 825.302(d). Likewise, the CFRA specifically holds that employee notice may be verbal. 2 CCR §7297.4(a)(1).

205.    The employee's notice obligations are not onerous: "[e]mployees need only notify their employers that they will be absent under circumstances which indicate that the FMLA might apply: The employee need not expressly assert rights under the FMLA or even mention the FMLA, but may only state that leave is needed [for a qualifying reason]." *Bachelder v. America West Airlines, Inc.*, 259 F.3d 1112, 1130 1131 (9th Cir. 2001); *see also* 2 CCR §7297.4(a)(1). If the employer believes additional information is needed to substantiate an employee's request for leave, the burden is on the employer to obtain the additional information. 29 C.F.R. § 825.303(b). The employer will be expected to obtain any additional required information through informal means. 2 Cal. Code Regs. §7297.4(a)(1).

206.    An employer must give written notice of rights and obligations under FMLA once notice of any kind is provided by the employee.

207.    Once notice of the need for CFRA leave is received, an employer must respond within 2 business days (if also covered by ADA, or within ten days if not also covered by ADA). *See also* Rutter's Civil Practice Guide, Employment Litigation, 12:871 [Employers covered by both CFRA and FMLA must respond to a leave request within two business days.]. The employer must designate the leave as FMLA qualifying and notify the employee of that designation. 2 CCR's § 7297.4(a)(1)(A). If the employer is unable to confirm that the leave qualifies under FMLA because it has not received a medical certification, it may preliminarily designate the leave as FMLA qualifying subject to withdrawal. 29 CFR § 825.208(e)(2).

208.    Pursuant to 29 CFR section 825.301(b)(1), in addition to including notice provisions in its handbook, "[t]he employer shall also provide the employee with written notice detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations." This notice must be given to the employee within 1-2 business days of being notified of the leave (if feasible). 29 CFR 825.301(c). "If an employer fails to provide notice in accordance with the provisions of this section, the employer may not take action against the employee for failure to comply with any provision required to be set forth in the notice." 29 CFR 825.301(f). One of the provisions that employers must include in

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

the notice is: "(ii) any requirements for the employee to furnish medical certification of a serious health condition and the consequences of failing to do so (see § 825.305)."

209.    "[A]n employer must specifically notify an employee, as soon as practicable after being informed of the need for CFRA leave, of any requirement that the employee provide a medical certification." That notice must state the date by which the certification must be submitted and the consequences of failing to submit the form by that time. 29 CFR § 825.207(d).  "An employer must give written notice of a requirement for medical certification ... in a particular case." 29 C.F.R. § 825.305(a).

210.    On return from FMLA leave, an employee is entitled to be returned to the same position the employee held when leave commenced, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment. An employee is entitled to such reinstatement even if the employee has been replaced or his or her position has been restructured to accommodate the employee's absence." 29 C.F.R. § 825.214(a)

211.    Gov't Code section 12945.2, subsection (t), states "[i]t shall be an unlawful employment practice for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under this section."

212.    Plaintiff was eligible for leave under the CFRA, FMLA, and/or ADA.

213.    Plaintiff fulfilled her notice requirements under the Acts.

214.    Defendants were and are employers subject to the requirements of the CFRA, FMLA, and ADA, and Defendants had a legal duty to not interfere with Plaintiff's rights under those Acts.

215.    Defendants violated the CFRA, FMLA, ADA, and FEHA by taking adverse actions against Plaintiff because she had taken and/or had requested to take leave.

216.    As alleged above, Ms. Suarez was on leave for pregnancy and for a back injury. Ms. Suarez's circumstances qualify her for protection pursuant to the FEHA.

217.    Ms. Suarez believes and on that basis alleges that the leave she took was a factor in Defendants' election to take adverse employment action against her, including but not limited

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

to: limiting the assignments she received, limiting her work schedule, and subjecting her to stricter scrutiny than others, and more severe punishment than others experienced.

218. At all times mentioned herein, Plaintiff was qualified for the positions she held, performing competently in those positions. Furthermore, Plaintiff was willing and able to perform the duties and essential functions of her position(s). Furthermore, Plaintiff was willing and able to perform the duties and essential functions of her position with or without reasonable accommodation.

219. Defendants' discriminatory and harassing actions against Plaintiff, as alleged above, constituted unlawful discrimination and harassment in employment, in violation of the California Government Code.

220. Plaintiff is informed and believes and thereon alleges that the acts of Defendants in criticizing Plaintiff's performance because Plaintiff took leave or requested to take leave is an unlawful employment practice in violation of the CFRA, Government Code Section 12945.2 because Defendants interfered with Plaintiff's right to take CFRA/FMLA.

221. As a proximate result of Defendants' wrongful conduct as alleged herein, Plaintiff sustained damages from the loss of her employment; from loss of past and future earnings and other employment benefits; from loss of all other rights and benefits which naturally exist with fair employment, but which were denied by Defendants; in an amount to be proven at trial.

222. As a further proximate result of the wrongful conduct by Defendants the resulting damages to Plaintiff, Plaintiff sustained emotional distress, all to her damage in an amount to be proven at the time of trial.

223. Plaintiff claims prejudgment interest on all said amounts, at the rate set by law, in an amount to be proven at the time of trial.

224. In doing the acts herein alleged, Defendants acted intentionally, oppressively, and maliciously toward Plaintiff with advance knowledge and conscious disregard of Plaintiff's rights, or the consequences to Plaintiff, or did authorize or ratify such intentional, oppressive and malicious acts, with the intent of depriving Plaintiff of property and legal rights and otherwise causing Plaintiff injury. Because the acts taken toward Plaintiff were carried out by managerial

-44-

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

employees acting in a deliberate, cold, callous, and intentional manner in order to injure and damage Plaintiff, Plaintiff therefore requests the assessment of punitive damages.

225.    Plaintiff also claims attorneys' fees and costs incurred herein. Gov't. Code §12965.

### SIXTEENTH CLAIM
**[DELETED]**

### SEVENTHEENTH CLAIM
**[DELETED]**

### EIGHTEENTH CLAIM
**[DELETED]**

### NINETEENTH CLAIM
**[DELETED]**

### TWENTIETH CLAIM
**UNFAIR BUSINESS PRACTICES**
(Bus. & Prof. Code §§ 17200 *et seq.*)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

226.    Plaintiff incorporates in this claim each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

227.    Plaintiff brings this claim individually and on behalf of all others similarly situated.

228.    Defendants' violations of California law, including Defendants' violations of the Employment Laws and Regulations as alleged herein constitutes an unfair business practice in violation of California Business and Professions Code sections 17200 *et seq* because they were done repeatedly, over a significant period of time, and in a systematic manner to the detriment of Plaintiff and Class Members.

229.    In addition, Plaintiff brings this claim seeking equitable and statutory relief to stop Defendants' misconduct, as complained of herein, and to seek restitution of the amounts Defendants acquired through the unfair, unlawful, and fraudulent business practices described herein.

**ILG Legal Office, P.C.**
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

230.    Defendants' knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business and Professions Code sections 17200-17208. Specifically, Defendants conducted business activities while failing to comply with the legal mandates cited herein.

231.    As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits at Plaintiff's and Class Members' expense.

232.    Defendants' business practices were unfair as set forth herein, providing an independent basis to support this claim.

233.    Defendants' business practices were also fraudulent, as set forth herein, providing yet another independent basis to support the claim.

234.    Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this claim.

235.    Defendants have clearly established a policy of accepting a certain amount of collateral damage as incidental to its business operations, rather than accepting the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record. Defendants' policy is confirmed by Plaintiff's and Class Members' damages as herein alleged.

236.    Defendants' unfair business practices entitle Plaintiff and Class Members to seek preliminary and permanent injunctive relief and other restitutionary relief, including but not limited to orders that Defendants account for and restore unlawfully withheld compensation to the Plaintiff and Class Members and discontinue certain unlawful employment practices, conduct and implement adequate training, including the implementation of policies and procedures designed to prevent the legal violations at issue in this lawsuit. Defendants' unfair business practices also entitle Plaintiff to attorneys' fees and costs.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues and causes of action.

## PRAYER FOR RELIEF

-46-

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574    Fax: (415) 735-3454

Wherefore, Plaintiff prays for the following forms of relief, individually and on behalf of all others similarly situated:

1.    Certification of this action as a class action on behalf of the classes defined herein and designation of Plaintiff as representative of the classes and her counsel as counsel for the classes;

2.    For penalties pursuant to all provisions of the Labor Code referenced herein which provide for penalties as a result of the conduct alleged herein;

3.    For costs of suit incurred herein and attorneys' fees pursuant to the statutes cited herein;

4.    For compensatory damages;

5.    Compensation for all hours worked but not paid;

6.    For general damages in amounts according to proof and in no event in an amount less than the jurisdictional limit of this court;

7.    For special damages according to proof;

8.    For punitive damages where allowed by law;

9.    For restitution of all monies due to Plaintiff from the unlawful business practices of Defendants;

10.    For injunctive relief;

11.    For pre-judgment and post-judgment interest as provided by law; and

12.    For such other and further relief as this Court deems just and proper.


Respectfully submitted,

Dated: June 20th, 2018          **ILG Legal Office, P.C.**

/s/ Stephen Noel Ilg
_____
Stephen Noel Ilg

Attorneys for Plaintiff and the Class

*Suarez v. Bank of America Corporation*
Complaint