United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ARIANNA SUAREZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION,<br><br>Defendant. | Case No. 18-cv-01202-LB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART BANK OF AMERICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: ECF No. 68 |

## INTRODUCTION

In this putative class action, named plaintiff Arianna Suarez sued her former employer, Bank of America, for state-law wage-and-hour violations.[1] Bank of America moved for partial summary judgment on two of the class claims (claim six, charging a failure to pay final wages on time, and claim eight, charging a failure to furnish accurate wage-and-hour statements), on the grounds that it paid the plaintiff's wages on time (for claim 6) and the accuracy challenge to the wage statements fails as a matter of law (for claim 8).[2] The court grants the motion in part (1) for claim six, to the extent that it is predicated on vacation pay that Bank of America undisputedly paid, and

---

[1] First Amended Compl. ("FAC") – ECF No. 16. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 68. It also moved for summary judgment on the plaintiff's individual claims, but the parties' settlement moots the motion. *Id.*; Notice of Settlement – ECF No. 77.

ORDER – No. 18-cv-01202-LB

(2) for claim eight, to the extent that the one-year statute of limitations bars the claim for statutory penalties. The court otherwise denies the motion.

## STATEMENT

### 1. The Plaintiff's Wage Statements

Bank of America paid Ms. Suarez biweekly and issued electronic wage statements for each biweekly pay period.[3] Ms. Suarez had access to her wage statements but never identified any inaccuracies in them.[4]

Ms. Suarez began working for Bank of America in April 2003 as a teller.[5] Bank of America terminated her employment on September 27, 2017.[6] By that time, she was a Financial Center Operations Manager, or Assistant Manager, at Bank of America's Albany, California branch.[7] Ms. Suarez did not review her final pay check or wage statements and was unaware that her final paycheck included a sum equivalent to 124.17 hours of vacation pay.[8] She concedes that she was paid her unused accrued wages when she was terminated.[9]

As the parties' briefs recount, Ms. Suarez had many approved leaves of absences, generally for medical reasons.[10] In relevant part for Bank of America's statute-of-limitations defense to claim eight, Ms. Suarez found out that she was pregnant in June 2016 and was on approved leaves of absence starting on October 20, 2016.[11] Her last official day of work before her leave was October

---

[3] Pls. Dep., Ex. 1 to Noel Decl. – ECF No. 71-1 at 317–18 (pp. 314:22–315:11).

[4] *Id.* at 318–19 (pp. 315:9–316:5), 320–321 (pp. 317:20–318:5).

[5] *Id.* at 43 (p. 40:4–9).

[6] *Id.* at 322 (pp. 319:16–21); Stowe Decl. – ECF No. 68-1 at 5 (¶ 15).

[7] Pls. Dep., Ex. 1 to Noel Decl. – ECF No. 71-1 at 364 (p. 361:14–21).

[8] *Id.* at 322 (p. 319:22–25), 332–333 (pp. 329:22–330:12), 334 (pp. 331:1–22).

[9] *Id.* at 335 (p. 332:7–16).

[10] Mot. – ECF No. 68 at 19–21; Opp. – ECF No. 71 at 9–10.

[11] Mot. – ECF No. 68 at 20–21; Pls. Dep., Ex. 1 to Noel Decl. – ECF No. 71-1 at 294 (p. 291:11–26), 335–336 (pp. 332:17-333:1), and 366–367 (pp. 363:25-364:9); Leave Notice, Ex. C to Kim Decl. – ECF No. 68-2 at 124–126.

21, 2016.[12] Her absences were extended through at least June 2017.[13] While not relevant to this motion, a change in third-party leave administrators (from Aetna to MetLife) led to confusion about Ms. Suarez's approved-to-return-to-work date (which was scheduled for some time between June and July 2017)[14] and whether she had submitted documentation to extend her leave of absence beyond that date.[15] But it is undisputed that her last day in the office — before she went on an approved medical leave — was October 21, 2016.[16]

**2. Relevant Procedural History**

The FAC has the following class claims: (1) claim one, charging a failure to compensate for all hours worked (including work "off the clock" and overtime wages), in violation of the California Labor Code; (2) claim two, charging a failure to pay minimum wage, in violation of the California Labor Code; (3) claim three, charging a failure to provide meal-and-rest breaks, in violation of the California Labor Code; (4) claim five, charging a failure to pay vacation time at termination, in violation of the California Labor Code; (5) claim six, charging a failure to pay final wages on time, in violation of the California Labor Code; (5) claim eight, charging a failure to provide accurate wage-and-hour statements, in violation of the California Labor Code; and (6) claim twenty, charging unfair business practices, in violation of California's Unfair Competition Law.[17]

---

[12] Pls. Dep., Ex. 1 to Noel Decl. – ECF No. 71-1 at 337 (p. 334:4–6).

[13] Stowe Decl. – ECF No. 68-1 at 4 (¶ 11).

[14] *Id.*; Pls. Dep., Ex. 1 to Noel Decl. – ECF No. 71-1 at 380 (p. 377:6–9).

[15] Mot. – ECF No. 68 at 21–23.

[16] *Id.* at 20–21; Pls. Dep., Ex. 1 to Noel Decl. – ECF No. 71-1 at 335–336 (pp. 332:17–333:23), 366–367 (pp. 363:25–364:9).

[17] FAC – ECF No. 16 at 17–23 (¶¶ 51–89), 24–25 (¶¶ 98–105), 45–46 (¶¶ 226–236). The original complaint had twenty claims, some class claims and some individual claims arising from Bank of America's termination of Ms. Suarez's employment. Compl. – ECF No. 1-2. The FAC deleted claims four, seven, and sixteen through nineteen and retained the initial complaint's numbering of the remaining claims. *Compare* FAC – ECF No. 16 to Compl. – ECF No. 1-2. The FAC's individual claims of discrimination, harassment, and wrongful termination were claims five and nine through fifteen. FAC – ECF No. 16 at 23–24 (¶¶ 90–97), 28–45 (¶¶ 115–225). The parties settled the individual claims, which moots Bank of America's motion for summary judgment on those claims. Notice of Settlement – ECF No. 77; Mot. – ECF No. 68 at 11–13.

Bank of America moved for summary judgment on claims six and eight. The court held a hearing on September 26, 2019.[18]

**STANDARD OF REVIEW**

The court must grant a motion for summary judgment if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Material facts are those that may affect the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute about a material fact is genuine if there is enough evidence for a reasonable jury to return a verdict for the non-moving party. *Id.* at 248–49.

The party moving for summary judgment has the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *see Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'") (quoting *Celotex*, 477 U.S. at 325).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. *Nissan Fire & Marine*, 210 F.3d at 1103. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. *See Devereaux*, 263 F.3d at 1076. If the non-moving party does not produce evidence to

---

[18] Minute Entry – ECF No. 78.

show a genuine issue of material fact, the moving party is entitled to summary judgment. *See Celotex*, 477 U.S. at 323.

In ruling on a motion for summary judgment, inferences drawn from the underlying facts are viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

Bank of America moves for partial summary judgment on claim six, charging a failure to pay final wages on time, and claim eight, charging a failure to furnish accurate wage-and-hour statements.[19] The court grants the motion in part for (1) claim six, to the extent that it is predicated on vacation pay that Bank of America undisputedly paid, and (2) claim eight claim, to the extent that the one-year statute of limitations precludes the plaintiff's claim for statutory penalties. The court otherwise denies the motion.

### 1. Claim Six: Failure to Pay Final Wages on Time

In claim six, the plaintiff claimed that Bank of America willfully failed to pay her final wages when it terminated her, in violation of sections 201–203 of the California Labor Code.[20] Bank of America moved for summary judgment on the ground that the claim is predicated on the plaintiff's claim for unpaid vacation wages (individual claim five), which she now concedes were paid fully, and because she has not produced admissible evidence that shows there is a genuine issue of material fact that Bank of America acted willfully when it did not pay her for the meal-and-rest breaks (class claim three).[21] The plaintiff does not dispute the unpaid-vacation-wages argument but counters that there are material fact disputes about whether Bank of America acted

---

[19] Mot. – ECF No. 68 at 11–12, 39–46.
[20] FAC – ECF No. 16 at 24–25 (¶¶ 98–105).
[21] Mot. – ECF No. 68 at 39–46.

ORDER – No. 18-cv-01202-LB     5

intentionally when it did not pay for her meal-and-rest breaks.[22] The court grants the motion to the extent that it is predicated on unpaid vacation leave and otherwise denies the motion.

Under the California Labor Code, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Cal. Labor Code § 201(a). "If an employer willfully fails to pay, without abatement or deduction, . . . any wages of any employee who is discharged or who quits," the employee's wages continue as a penalty until paid, for up to 30 days. Cal. Labor Code § 203(a); *Mamika v. Barka*, 68 Cal. App. 4th 487, 492 (1998); *see McLean v. State of Calif.*, 1 Cal. 5th 615, 619 (2016) (applying rule to employees who retire).

"Willfully" means that the employer intentionally failed or refused to pay a wage obligation. *Baker v. American Horticultural Supply, Inc.*, 186 Cal. App. 4th 1059, 1076 (2010); *see Woods v. Vector Mktg. Corp.*, No. C–14–0264 EMC, 2015 WL 2453202, at *4 (N.D. Cal. May 22, 2015) (citing *Amaral v. Cintas Corp. No. 2,* 163 Cal. App. 4th 1157, 1201 (2008) ("The settled meaning of willful, as used in section 203, is that an employer has intentionally failed or refused to perform an act which was required to be done.")). The term "willful" does not require a plaintiff to show that an employer knew its obligation and then intentionally refused to act. *Baker*, 186 Cal. App. 4th at 1075 ("The knowledge requirement would be difficult to prove and would encourage [employers] to remain ignorant of their obligations" if "willful" were defined to require a knowing and intentional refusal to act). That said, a good-faith defense that wages are due "will preclude imposition of waiting time penalties under Section 203." 8 Cal. Code. Regs. tit. 8 § 13520.

Bank of America contends that it has a good-faith belief that meal-and-rest-period payments under Cal. Labor Code § 226.7 are not "wages earned" under Cal. Labor Code § 203.[23] In support of its argument, it cites *Ling v. P.F. Chang's China Bistro, Inc.*, 245 Cal. App. 4th 1242, 1261 (2016). In denying Bank of America's earlier motion to dismiss, the court previously rejected this argument at the pleadings stage. *Suarez v. Bank of America Corp.*, No. 18-cv-01202-MEH, 2018 WL 3659302, at *9–10 (N.D. Cal. Aug. 2, 2018).

---

[22] Opp. – ECF No. 71 at 20–24.

[23] Mot. – ECF No. 68 at 40–41; Reply – ECF No. 73 at 17–20.

ORDER – No. 18-cv-01202-LB        6

The earlier order reviews two California Supreme Court cases that address whether section 226.7 payments are wages. *Id.* at *10 (citing *Murphy v. Kenneth Cole Products, Inc.*, 40 Cal. 4th 1094, 1102, 1110–11, 113 (2007) (section 226.7 meal-and-rest-break premiums are wages for statute-of-limitations purposes); *Kirby v. Immoos Fire Protection*, 53 Cal. 4th 1244, 1248, 1257 (2012)). The order acknowledges *Ling*, but follows the weight of authority — including many cases in this district — where courts have found that premiums for unpaid rest breaks are "wages" entitling plaintiffs to waiting-time penalties under section 203 of the Labor Code. *Id.* (collecting cases).[24]

In this early summary-judgment motion, before the close of fact discovery, with no illumination about the predicate violations, and with less than a page of briefing and no new cited authority, the court does not revisit its earlier decision.

## 2. Claim Eight: Inaccurate Wage Statements

In claim eight, the plaintiff claimed that Bank of America did not provide an accurate itemized statement for each pay period that reflected actual hours worked, in violation of Cal. Labor Code § 226.[25] Bank of America moved for summary judgment on four grounds: (1) the plaintiff's claim for statutory penalties is barred by a one-year statute of limitations; (2) she did not suffer injury, which is a necessary element for any claim for damages under section 226(e); (3) the reporting requirement in section 226(a) of the Labor Code applies only to wages that were actually paid (not wages that a suing party thinks should be paid), and the wage statements here are accurate; and (4) Bank of America's violations were not "knowing and intentional," which is a necessary element

---

[24] In a case certified to it by the Ninth Circuit, the California Supreme Court agreed to decide whether an employer's failure to pay meal-period premiums gives rise to claims for waiting-time penalties under Cal. Labor Code § 203 and inaccurate wage statements under Cal. Labor Code § 226. *Stewart v. San Luis Ambulance, Inc.*, 878 F.3d 883, 886–87 (9th Cir. 2017) (certifying questions to the California Supreme Court; *Stewart v. San Luis Ambulance*, No. S246255 (Cal. Mar. 28, 2018) (certification granted). The California Supreme court dismissed certification because Proposition 11, which passed last year regarding rest breaks for emergency-medical technicians, mooted the issue. *Stewart v. San Luis Ambulance, Inc.,* Docket, No. S246255, http://appellatecases.courtinfo.ca.gov (last visited Oct. 28, 2019).

[25] FAC – ECF No. 16 at 25–28 (¶¶ 106–14).

ORDER – No. 18-cv-01202-LB          7

under section 226(e).[26] The court grants the motion only on the ground that the plaintiff's claim for statutory penalties is barred by the one-year statute of limitations and otherwise denies the motion.

The California Labor Code requires employers to provide to employees — semimonthly or at the time of each payment of wages — "an accurate itemized statement in writing" showing nine specific items, including "the inclusive dates of the pay period for which the employee is paid," gross wages earned, the applicable hourly rate and total hours worked for non-exempt employees, all deductions, and net wages earned. Cal. Labor Code § 226(a). The plaintiff alleges that Bank of America's pay stubs fail to list these items.[27]

If an employer's violation is knowing and intentional, an employee is entitled to damages:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with [section 226](a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Cal. Labor Code § 226(e)(1).

Thus, in addition to proving the element that an employer failed to provide an accurate itemized statement, a plaintiff must prove that (1) the employer's failure to provide the statement was knowing and intentional and (2) the employee suffered injury. *Iljas v. Ripley Entm't Inc.*, --- F. Supp. 3d ----, No.18-cv-00136-JST, 2019 WL 3817847, at *5 (N.D. Cal. Aug. 14, 2019) (citing *Willner v. Manpower Inc.*, 35 F. Supp. 3d 1116, 1128 (N.D. Cal. 2014)).

**2.1 Statute of Limitations**

An action to recover a statutory penalty or forfeiture must be brought one year from the date of accrual. Cal. Civ. Code P. § 340(a–b). Section 226(e) authorizes recovery of either actual damages or a penalty. Cal. Labor Code § 226(e)(1). "The penalty provision of section 226 is subject to a one-year statute of limitations." *Maravilla v. Rosas Bros. Constr., Inc.*, --- F. Supp. 3d ----, No.16-

---

[26] Mot. – ECF No. 68 at 41–46.

[27] FAC – ECF No. 16 at 27 (¶ 111).

cv-06117-JST, 2019 WL 3820051, at *7 (N.D. Cal. Aug. 14, 2019); *accord Ridgeway v. Wal-Mart Stores, Inc.*, No. C 08-05221 SI, 2014 WL 2600326, at *8 (N.D. Cal. June 10, 2014).

Bank of America first contends that the plaintiff's claim is barred by the one-year statute of limitations for penalties.[28] To the extent that the plaintiff seeks statutory damages, the one-year statute of limitations bars the claim.[29]

On January 10, 2018, the plaintiff filed her administrative charge with the California Department of Fair Employment complaint, and on January 25, 2018, she filed her complaint initiating this lawsuit.[30] Her claim accrued on January 10, 2018, and the one-year look-back period under the statute of limitations thus began on January 11, 2017.[31] The plaintiff did not address the plaintiff's statute-of-limitations argument in her opposition and — in response to the court's questions at the hearing — said that she submitted the issue on the papers (essentially conceding it). Thus, the court grants the motion on the ground that the statute of limitations bars any claim for liquidated damages predicated on wage statements received before the one-year statutory period. Cal. Code Civ. P. 340; *Ridgeway*, 2014 WL 2600326, at *8 (granting summary judgment in favor of Wal-Mart on the plaintiff's liquidated damages claim because the plaintiff's employment ended more than one year before the filing of her complaint and the plaintiff did not respond to Wal-Mart's argument and "appear[ed] to concede the issue").

This holding appears to dispose of the plaintiff's entire claim for statutory damages. Her last day at work was October 21, 2016, and her termination date was September 27, 2017.[32] Her statutory-damages claim is predicated on a failure to include meal-and-rest breaks, which necessarily is not an issue for an employee on medical leave.

**2.2 Injury**

Under the Labor Code,

---

[28] Mot. – ECF No. 68 at 41–42.

[29] FAC – ECF No. 16 at 27–28 (¶ 114) (seeing damages, statutory penalties, and other relief).

[30] Compl. – ECF No. 1-2 at 4.

[31] *Id.*

[32] Mot. – ECF No. 68 at 26; Opp. – ECF No. 71 at 26; Reply – ECF No. 73 at 17.

> (2)(A) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement.
>
> (B) An employee is deemed to suffer injury for purposes of this statute if the employer fails to provide accurate and complete information [for the nine items specified in section 226(a)], and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: [specified items that include the amount of gross wages or net wages paid, specified deductions, and all applicable hourly rates and the corresponding hours worked].
>
> . . .
>
> (C) For purposes of this paragraph, "promptly and easily determine" means a reasonable person would be able to ascertain the information without reference to other documents or information.

Cal. Labor Code § 226(e)(2)(A–C). Only Section 226(e)(2)(B) — a failure to provide accurate information — is at issue here.

Bank of America contends that the plaintiff did not suffer injury, which is a necessary element for her claim, because — citing the plaintiff's deposition testimony — she did not review her statements or try to calculate the wages that she think she is owed in this lawsuit.[33] The relevant deposition testimony is as follows.

> Q. And do you recall when you received your wage statements by direct deposit whether you also received a wage statement?
>
> A. The statement was in the system, on the bank system, but I didn't really went [sic] into and look for my statements.
>
> Q. Okay. So your wage statements were provided to you electronically, right?
>
> A. Right.
>
> Q. And you could access them through the bank's internal systems?
>
> A. Right.
>
> Q. Could you access them, like, externally from home? Could you log on?
>
> A. Yeah, but I never did.
>
> Q. [] Do you recall ever logging in to looking [sic] at any of your wage statements?
>
> A. I did log in to look, but I didn't really — sometimes I would just go in to see because it would show, like, the day before how much you were going to get paid or like the Wednesday before you got paid, and I would just go in to see how much money I was going to get paid but not really look in detail.

---

[33] Mot. – ECF No. 68 at 42–44 (citing Pl. Dep., Ex. A to Kim Decl. – ECF No. 68-2 at 31–32 (pp. 315:9–316:5), 37 (p. 330:9–12); Reply – ECF No. 73 at 18 (citing Pl. Dep., Ex. A to Kim Decl. – ECF No. 68-2 at 33 (p. 317:20–25)).

ORDER – No. 18-cv-01202-LB 10

Q. Like what was itemized or what was written in your wage statements?

A. Right.

Q. Okay. And how many times do you think you went in to look and see what you were being paid? Was that something you did often or . . . only a couple of times?

A. I don't recall.

Q. Okay.

A. It could have been a couple of times. I'm not sure.

Q. Do you recall doing it at all when you were at the Albany branch?

A. Yes.

Q. Okay. And so you don't recall ever seeing anything on any of your wage statements that you thought was, like, inaccurate?

A. I really never —

Q. Paid attention?

A. — paid attention to that.

Q. Okay. And do you have any reason to believe that the — what you were actually — or the hours that were reported on your wage statements were different from what you were actually being paid?

A. I really never — that never really crossed out [sic] of my mind.

Q. You never looked for that?

A. I never looked for that.

. . .

Q. [] Have you ever attempted to try and calculate the amount of wages that you think you're owed in this lawsuit —

A. No.

Q. — by looking at your wage statements?

A. No.[34]

---

[34] Pl. Dep., Ex. 1 to Noel Decl. – ECF No. 71-1 at 318–320 (pp. 315:3-317:6, 317:20–25).

ORDER – No. 18-cv-01202-LB 11

Here, the record establishes that the plaintiff reviewed at least some statements but never tried to calculate her lost wages. The issue is whether (as Bank of America contends) this precludes claim eight[35] or whether (as the plaintiff contends) other testimony shows other injury.[36]

"'The injury requirement in section [226(e)] cannot be satisfied simply because one of the nine itemized requirements in section [226(a)] is missing from a wage statement." *Ridgeway*, 2014 WL 2600326, at *8 (quoting *Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1142–43) (2011)). "By employing the term 'suffering injury,' the statute requires that an employee may not recover for violations of section [226(a)] unless he or she demonstrates *an injury* arising from the missing information." *Id.* (quoting *Price*, 192 Cal. App. 4th at 1142–43) (emphasis in *Price*). "Injury under section 226 may include the possibility of not being paid overtime, employee confusion over whether they received all wages owed them, difficulty and expense involved in reconstructing pay record, and forcing employees to make mathematical computations to analyze whether the wages paid in fact compensated them for all hours worked." *Id.* (quotations omitted). "A 'very modest showing' of injury will suffice for plaintiffs to recover damages." *Id.* (quoting *Jaimez v. DAIOHS USA, Inc.*, 181 Cal. App. 4th 1286, 1306 (2010)).

Bank of America cites *Ridgeway* (and no other case) for the proposition that the plaintiff's failure to try to calculate her lost wages necessarily means it is entitled to summary judgment on claim eight. *Ridgeway* does not compel that conclusion.

*Ridgeway* involved class plaintiffs who were truck drivers for Wal-Mart. *Id.* at *1. They challenged Wal-Mart's practice of paying them "according to Wal-Mart's piece-rate plan." *Id.* at *2. Payment was based on mileage, activity pay (for duties that Wal-Mart deemed compensable), and non-activity pay ("for events at Wal-Mart dispatch and home offices or unplanned events"). *Id.* The plaintiffs alleged that they reported all activities that Wal-Mart considered compensable,

---

[35] Mot. – ECF No. 68 at 42 (emphasizing that under the Labor Code, there must be an inaccuracy in the required information and the employee cannot "'promptly and easily determine from the wage statement alone . . . the amount of the gross wages paid to the employee during the pay period') (citing Cal. Labor Code § 226(e)(2)(B) (emphasis omitted); *id.* at 42–43 & n.15 (the plaintiff did not calculate her wages and did not review her statements); Reply – ECF No. 73 17–20.

[36] Opp. – ECF No. 71 at 25.

but duties including layovers, pre- and post-trip inspections, paperwork, waiting at stores or vendors, and rest breaks were not included as compensable pay. *Id.* Wal-Mart moved for partial summary judgment on the plaintiffs' meal-break, minimum-wage, wage-statement, waiting-time-penalties, and UCL claims. *Id.* The plaintiffs conceded the meal-break claim. *Id.* at *3. The court denied summary judgment on all claims except the wage-statement claim. *Id.* at *3–10.

The issue about the wage-statement claim was whether two (of the 11) plaintiffs suffered injury.[37] *Id.* at *8. Wal-Mart contended that it was entitled to summary judgment because the two plaintiffs admitted that they suffered no injury. *Id.* The two plaintiffs countered that they suffered injury because "Wal-Mart failed to include the requisite information on their wage statements and as a result [the two plaintiffs] could not promptly and easily determine from the wage statements alone the total hours worked, piece rates paid, or applicable hourly rates." *Id.* The court rejected the plaintiffs' argument because they did not put in any evidence — in the form of declarations or deposition testimony — to support their argument that the plaintiffs had to "refer to outside documents and mathematical computations to determine if they were paid correctly." *Id.* at *9 (the plaintiffs argued injury in their opposition (in the form of referring to outside documents and making mathematical computations), but "neither plaintiff stated in his declaration or deposition testimony that they were required to 'engage in discovery and mathematical computations to reconstruct time records to determine if they were correctly paid'"). *Id.* at *9 (quoting *Price*, 192 Cal. App. 4th at 1143). The plaintiffs did "not present evidence that [they] suffered the 'type of mathematical injury that requires computations to analyze whether wages paid in fact compensated [plaintiffs] for all hours worked'"). *Id.* (quoting *Jaimez*, 181 Cal. App. 4th at 1306) (citation in *Jaimez* omitted).

*Ridgeway* does not compel a similar outcome here. Forcing plaintiffs to make mathematical computations is only one way to show injury. *Id* at *8. That was the injury that the *Ridgeway* plaintiffs asserted, but they lost their claim at summary judgment because they made only

---

[37] The motion challenged the claim on the ground of injury only for two plaintiffs, and not nine other plaintiffs. *Ridgeway*, 2014 WL 2600326, at *1, *8 (the statutory-penalties claim of a different plaintiff (one of the nine) was barred by the one-year statute of limitations).

arguments (in their opposition) and did not submit any evidence (in the form of declarations or deposition testimony) to support their arguments. *Id.* at *9. Without evidence, the plaintiffs lost because they did not show disputed issues of material fact. *Id.*

By contrast, the plaintiff here does not assert injury because she was forced to make mathematical computations.[38] If that were her only asserted injury, she would lose, like the two *Ridgeway* plaintiffs, because there is no evidence that she did so. *Id.* But there are other ways to show injury, including "the possibility of not being paid overtime, employee confusion over whether they received all wages owed them, [and] difficulty and expense involved in reconstructing pay records." *Id.* at *8 (quotations omitted).[39] The court denies the motion for summary judgment to the extent that Bank of America predicates it on the plaintiff's failure to engage in mathematical computations.

**2.3 Accuracy of Wage Statements**

Bank of America next contends that under section 226(e), it must report only the wages that it actually pays employees, and it is undisputed that it accurately itemized the wages that it paid the plaintiff.[40] On this record and argument, the court does not revisit the earlier order, which rejected this legal argument.[41]

**2.4 Knowing and Intentional Violation**

Bank of America moves for summary judgment on the ground that its alleged violations were not "knowing and intentional," which is a necessary element under section 226(e).[42]

> For purposes of this subdivision, a 'knowing and intentional failure' does not include an isolated and unintentional payroll error due to a clerical or inadvertent mistake. In reviewing for compliance with this section, the factfinder may consider as a relevant factor whether the employer, prior to an alleged violation, has adopted

---

[38] Opp. – ECF No. 71 at 25.

[39] *See id.* (citing the plaintiff's deposition testimony about uncompensated hours worked); Order – ECF No. 23 at 21 (holding that the plaintiff plausibly pleaded injury).

[40] Mot. – ECF No. 68 at 44–45.

[41] Order – ECF No. 23 at 19 (accuracy argument), 21–23 (allowing claim predicated on meal-and-rest-break premiums).

[42] Mot. – ECF No. 68 at 41–46.

and is in compliance with a set of policies, procedures, and practices that comply with this section.

Cal. Labor Code § 226(e)(3); *Willner*, 35 F. Supp. 3d at 1130. As the court said in its earlier order:

> Thus, '[a] violation exists if the employer knew that facts existed that brought its acts or omissions within the provisions of the statute.' *Ming-Hsiang Kao v. Joy Holiday*, 12 Cal. App. 5th 947, 961 (2017) (quoting *Willner*, 35 F. Supp. 3d at 1131) (brackets omitted). [A] mistake of law . . . is not excused under the statute mandating itemized wage statements.

*Suarez*, 2018 WL 3659302 at *11 (internal quotation marks omitted).

Bank of America's argument is that it believed that it accurately reported all wages actually paid, and it reasonably believed that section 226.7 meal-and-rest-break premiums were not wages and instead were liquidated damages.[43] On this record and argument, and as discussed above in the analysis of claim six, the court does not revisit its earlier decision, which rejected this legal argument.[44]

## CONCLUSION

The court grants Bank of America's motion for summary judgment in part on (1) claim six, to the extent that the claim is predicated on vacation pay that the Bank undisputedly paid, and (2) claim eight, to the extent that the one-year statute of limitations bars the claim for statutory penalties. The court otherwise denies the motion.

This disposes of ECF No. 68.

**IT IS SO ORDERED.**

Dated: October 31, 2019

LAUREL BEELER
United States Magistrate Judge

---

[43] *Id.* at 46.

[44] Order – ECF No. 23 at 21–22.