UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| IRMA FRAUSTO, on behalf of herself and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION,<br><br>Defendant. | Case No. 18-cv-01983-LB<br><br>**ORDER DENYING CLASS CERTIFICATION**<br><br>Re: ECF Nos. 128, 159 |
| ARIANNA SUAREZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, Defendant. | Case No. 18-cv-01202-LB |

## INTRODUCTION

The plaintiffs, on behalf of themselves and the putative class — sued for alleged wage-and-hour violations under the California Labor Code for off-the-clock work and missed meal-and-rest breaks. They also made derivative claims predicated on the off-the-clock work and missed-breaks claims: failure to pay final wages on time, failure to provide accurate wage-and-hour statements, and unfair business practices under California's Unfair Competition Law (UCL). The court previously

ORDER – Nos. 18-cv-01983-LB & 18-cv-01202-LB

1  certified off-the-clock and meal-and-rest-break classes based on Bank of America's de facto
2  policies. Bank of America moved for, and the court granted, reconsideration. The court denies the
3  plaintiffs' motion to certify the classes, primarily because there is not the requisite evidence of de
4  facto policies. This defeats the plaintiffs' contention that common issues predominate.

## STATEMENT

The Statement in the court's earlier order summarized the parties' submissions for and against class certification. This order incorporates the Statement by this reference (and does not repeat it). This was the plaintiffs' proposed class definition:

> All persons who worked for Defendant Bank of America, National Association in California as a non-exempt employee at any time during the period beginning on February 22, 2014 and ending when the Court grants class certification, but expressly excluding therefrom any individuals who, as of the date the Court grants class certification, (a) have filed their own separate action as a named plaintiff alleging any of the same claims alleged by Plaintiffs, (b) have opted into a collective action or are class members in a certified class action against Defendant alleging any of the same claims alleged by Plaintiffs, and/or (c) have previously released all claims against Defendant being alleged by Plaintiffs.[1]

In its earlier class-certification order, the court narrowed the class definition and certified the following classes: (1) for the off-the-clock claim, (a) all Treasury Services Advisors (in call centers) and (b) all Assistant Managers (in financial centers); and (2) for the meal-and-rest-breaks claims, all Treasury Services Advisors (in call centers).[2]

The court stayed the case to allow the parties to mediate their dispute. After the parties did not resolve the case, Bank of America moved for reconsideration of the class-certification order generally on the ground that by narrowing the class, the court certified classes that the plaintiffs never advanced, either by way of a theory of liability or through evidence.[3] The court granted

---

[1] Mot. – ECF No. 90 at 3. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents. Unless otherwise specified, this order cites the *Frausto* docket, No. 3:18-cv-01983-LB.

[2] Orders – ECF Nos. 128 at 2 & 156 at 1–2.

[3] Order – ECF No. 148; Mot. – ECF No. 159 at 8.

reconsideration.[4] The court held a hearing on June 17, 2021. All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636 and do not contest the court's jurisdiction under the Class Action Fairness Act.[5]

## ANALYSIS

Class actions are governed by Federal Rule of Civil Procedure 23. A party seeking to certify a class must prove that all the prerequisites of Rule 23(a) are met, as well as those of at least one subsection of Rule 23(b) (and the relevant subsection here is Rule 23(b)(3)).

The following are the prerequisites of Rule 23(a): (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. A court may certify a class under Rule 23(b)(3) if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

"[P]laintiffs wishing to proceed through a class action must actually *prove* — not simply plead — that their proposed class satisfies each requirement of Rule 23, including (if applicable) the predominance requirement of Rule 23(b)(3)." *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275 (2014) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011); *Comcast Corp. v. Behrend*, 569 U.S. 27, 32–33 (2013)). "[C]ertification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23[] have been satisfied.'" *Comcast*, 569 U.S. at 33 (quoting *Wal-Mart*, 564 U.S. at 350–51). "Such an analysis will frequently entail 'overlap with the merits of the plaintiff's underlying claim.'" *Id.* at 33–34 (quoting *Wal-Mart*, 564 U.S. at 351). "That is so because the 'class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's

---

[4] Orders – ECF Nos. 156–157. The grounds advanced by Bank of America satisfy the requirements of Civil Local Rule 7-9(b) and the relevant legal standards for reconsideration.

[5] Consents – ECF Nos. 7, 33, 40; *Suarez* Consents, No. 3:18-cv-01202 – ECF Nos. 7–8.

cause of action.'" *Id.* at 34 (quoting *Wal-Mart*, 564 U.S. at 351). Still, "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen Inc. v. Conn. Ret. Plans and Tr. Funds*, 568 U.S. 455, 466 (2013). "Merits questions may be considered to the extent — but only to the extent — that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.* (citing *Wal-Mart*, 564 U.S. at 351 n.6).

The plaintiffs' main claims are for off-the-clock work and missed meal-and-rest-breaks, and they also raise claims predicated on these claims: failure to pay final wages on time, failure to provide accurate wage-and-hour statements, and unfair business practices under the UCL. They moved to certify classes for all claims.[6]

The court previously certified narrowed classes: (1) for the off-the-clock claim, (a) all Treasury Services Advisors (in call centers) and (b) all Assistant Managers (in financial centers); and (2) for the meal-and-rest-breaks claims, all Treasury Services Advisors (in call centers). The order certified the same classes for the derivative claims.[7] The basis for the court's order was its conclusion that the Bank's de facto policies (1) made off-the-clock work unavoidable because employees must work before they log in for their shifts and after they log out and (2) set performance goals that make it impossible to take meal-and-rest breaks. The court thus found that there were common questions for the (narrowed) classes about Bank of America's system-wide implementation of its policies that would generate common answers apt to drive the resolution of the litigation.[8]

Bank of America moved for reconsideration generally on the ground that the plaintiffs did not advance those theories of liability or provide evidence in support of those theories.[9] The court granted reconsideration and now denies the plaintiffs' motion to certify the classes, primarily because the evidence does not suggest de facto policies, and thus common issues do not predominate.

---

[6] Mot. – ECF No. 90.

[7] Orders – ECF Nos. 128 at 2 & 156 at 1–2.

[8] Order – ECF No 128 at 14 (citing *In re: Autozone, Inc., Wage & Hour Emp't Pracs. Litig., Inc.*, 789 F. App'x. 9, 12 (9th Cir. 2019) (affirming district court's denying certification of meal-break and off-the-clock classes because there was no evidence of a uniform policy requiring employees to work through their meal periods and because a determination of the off-the-clock subclass — given the written policy prohibiting such work — would have entailed an employee-by-employee analysis)).

[9] Mot. – ECF No. 159.

**1. Commonality —Rule 23(a)(2)**

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." "What matters to class certification is not the raising of common 'questions' — even in droves — but, rather the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation." *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1133 (9th Cir. 2016) (cleaned up) (quoting *Wal-Mart*, 564 U.S. at 350). "To satisfy Rule 23(a)(2) commonality, 'even a single common question will do.'" *Id.* (cleaned up) (quoting *Wal-Mart*, 564 U.S. at 359).

Courts must consider the merits of a case when they overlap with the Rule 23(a) requirements. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011). Such overlap is present when the putative class alleges the existence of a de facto unlawful policy that is contrary to the defendant's lawful, formal policies. *Wal-Mart,* 564 U.S. at 353. Under *Wal-Mart,* the plaintiff must provide "significant proof that [the] employer operated under a general [unlawful] policy." *Id.* "The district court [i]s required to resolve any factual disputes necessary to determine whether there was a common pattern and practice that could affect the class as a whole." *Ellis*, 657 F.3d at 983 (cleaned up). [C]lass certification requires a common policy, not a question regarding whether a common policy existed. . . . If there is no common policy, th[e] case is not a class action." *Sherman v. CLP Res. Inc.*, 2015 WL 13542762, at *14 n.17–18 (C.D. Cal. Feb. 4, 2015). The court must undergo a "rigorous analysis" for determining commonality. *Ellis* 657 F.3d at 982.

There is evidence that the plaintiffs worked off the clock and did not take meal breaks, but that is not evidence of a de facto policy. Cases that certify a class do so because there are such policies. In *Jimenez v. Allstate Insurance Company*, for example, the common question was that class members worked overtime without compensation as a result of the employer's unofficial policy discouraging the reporting of overtime. 765 F.3d 1161, 1163–66 (9th Cir. 2014). Similarly, in *Pina v. Con-Way Freight*, a common issue was that the employer effectively forbade meal breaks. No. C 10-00100 JW, 2012 WL 1278301, at *4 (N.D. Cal. Apr. 12, 2012). In *Vaquero v. Ashley Furniture*, the sales employees were not paid for mandatory job duties (such as cleaning the store, attending meetings, and carrying furniture) unrelated to sales. 824 F.3d 1150, 1152–56 (9th Cir. 2016).

If the plaintiffs' theory of liability depended on a de facto policy of requiring work before and after shifts, then the policy might be a common contention capable of class-wide resolution. But if there is no significant proof of such a policy, then denial of class certification is appropriate, generally because common issues do not predominate, and individualized issues defeat certification. *Wal-Mart,* 564 U.S. at 353; *see Ortiz v. CVS Caremark Corp.*, No. C-12-05859 EDL, 2013 WL 6236743, at *2, 9–10 (N.D. Cal. Dec. 2, 2013) (denied class certification for CVS employees who sought damages for off-the-clock work for deliveries between stores; policies mandated that employees be clocked in when they were working; there was no evidence of any policy requiring any off-the-clock work or that the employer refused compensation for off-the-clock work (or that employees asked for it)). There is no significant proof of a de facto policy here. [10]

The same analysis applies to the meal-and-rest-breaks claims. There is no significant proof of a de facto policy.[11] Bank of America had a policy requiring breaks, and Ms. Frausto's managers told her to take them.[12]

### 2. Predominance — Rule 23(b)(3)

Rule 23(b)(3) requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). "Considering whether questions of law or fact common to class members predominate begins with . . . the elements of the underlying cause of action," here, the off-the-clock and missed-breaks claims. *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011) (cleaned up).

---

[10] Summary Chart – ECF No. 159-2 at 2–6 (the evidence is that class members' experiences depended on their individual managers, and there were no de facto policies that required off-the-clock time or discouraged the reporting of overtime). Another issue is that only Ms. Suarez alleged an overtime claim. Frausto Summary-Judgment Order – ECF No. 122 at 11–12; Frausto FAC – ECF No. 24 at 6–8 (¶¶ 15–17) (overtime claim premised on a theory that Bank of America did not calculate and pay overtime wages at the correct rate). The court also does not address the proposed amended complaint because it is procedurally improper, and the rulings here suggest futility. Opp'n – ECF No. 165 at 29; Proposed Amended Compl., Ex. 1 to *id.* – ECF No. 165-1.

[11] Summary Chart – ECF No. 159–2 at 6–7 (no significant proof of a policy).

[12] Johnson Decl. – ECF No. 118-5 at 4 (¶¶ 12–13); Meal-and-Rest-Breaks Policies, Exs. 10 & 11 to *id.* – ECF No. 118-5 at 46–53; Frausto Dep., Ex. A to Kim Decl. – ECF No. 159-1 at 26–30 (pp. 158:25–59:1, 159:3–6, 162:13–20, 163:17–19), 32 (p. 185:6–7), 34 (p. 188:12–13), 36 (p. 195:8–15), 38 (p. 253:14–17)

The predominance inquiry involves weighing and evaluating the common and individual issues in the case. *Wal-Mart*, 564 U.S. at 360–61. The "inquiry tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Tyson Food, Inc. v. Bouaphakeo, et al.*, 577 U.S. 442, 453, 1045 (cleaned up). A common question "is one where the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof." *Id.* (cleaned up). An individual question is "one where members of a proposed class will need to present evidence that varies from member to member. . . ." *Id.* (cleaned up). The predominance inquiry involves the same principles that guide the Rule 23(a)(2) commonality analysis, but it "is even more demanding than Rule 23(a)." *Comcast*, 569 U.S. at 34. "[A] district court must find by a preponderance of the evidence that the plaintiff has established predominance under Rule 23(b)(3)." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 993 F.3d 774, 784 (9th Cir. 2021).

The commonality analysis drives the outcome here. There is no significant proof of de facto policies. Any issues about overtime and breaks — on this record — are individualized inquiries that defeat class certification.

## CONCLUSION

The court denies the plaintiffs' motion to certify the proposed classes.[13]

**IT IS SO ORDERED.**

Dated: June 17, 2021

_____
LAUREL BEELER
United States Magistrate Judge

---

[13] The court denies the plaintiffs' renewed motion to disqualify Bank of America's counsel and strike class members' declarations. Opp'n – ECF No. 165 at 16–18. The court denied the earlier motion. Order – ECF No. 128 at 10 n.43. For the reasons that Bank of America advanced then and now, the court stands on its earlier denial. The court also denies the plaintiffs' motion for reconsideration (Mot. – ECF No. 161) as moot.